## People ex rel. James Dennison et al. v. Harlow M. Spencer et al.

1. COMMISSIONERS OF HIGHWAYS—*When Their Office Becomes Vacant.*—When the persons elected to the office of commissioners of highways in a township fail to organize as a board, with the ability to execute the powers conferred upon them, and to do the business required by the exigencies of the public, the effect of such failure is equivalent to an abandonment of their official duties and their office becomes vacant.

2. RESIGNATION—*Of an Office by Implication.*—A resignation of a public office by implication may take place by an abandonment of official duties, and to complete the resignation, its acceptance may be manifested by the appointment of another to fill the place, thereby treating the office as vacant.

Information in the nature of a quo warranto. Appeal from the Circuit Court of Pike County; the Hon. HENRY VAN SELLERS, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

A. CLAY WILLIAMS, State's Attorney, and EDWARD DOOCY, attorneys for appellants.

WILLIAM MUMFORD, attorney for appellees.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an information in the nature of a quo warranto, filed by the state's attorney at the instance of the relators, Dennison, King and Strothoff, against appellees, to oust the latter from the offices of commissioners of highways of the town of Levee, Pike county. Upon the trial without a jury, the court entered its findings against the relators, and gave judgment against them, and to reverse the judgment this appeal is brought. Relators had been elected commissioners of highways in their town, King being the last, and who was elected in April, 1900. The commissioners met on the second Tuesday after the annual town meeting in April, 1900, at the town clerk's office, and organized as a board by electing Strothoff president and King treasurer, but the latter never qualified as such treasurer by giving bond, after which it was agreed among them that Strothoff should be appointed as such treasurer, but no record was made of such appointment. Strothoff presented his bond as such treasurer, to the supervisor and town clerk for their approval, as provided by the statute; but those officers not being satisfied with the proposed sureties declined to approve the bond, and no other bond having been offered, Strothoff thus failed to. legally qualify as such treasurer. In consequence of this failure to perfect the organization of the board, relators had no funds, or could not control the public funds designed for the use of the highways and bridges in the town, and no work, or substantially none, was done upon them. Neither does it appear of record that regular meetings were held ·by the commissioners, nor were special meetings called, at which official business

Dennison v. Spencer.

could be transacted, or at which persons interested could be heard concerning requests or complaints they might desire to make. Whereupon the board of appointment, consisting of the justices of the peace, supervisor and town clerk of the town, (Sec. 1, Art. 10, Chap. 139, Rev. Stat.,) met July 27, 1900, declared the offices of commissioners of highways of the town vacant, and appointed the respondents to fill such vacancies, who each duly qualified by taking, subscribing and filing the required oath, and thereafter met and organized as a board by electing a president and treasurer, the latter duly qualifying by giving bond to the acceptance and approval of the proper officers, and thereupon received and took charge of the public funds, and the board so organized proceeded to do the work, required by law, of commissioners of highways.

The only question necessary for a proper decision of the case is whether the facts recited operated to produce vacancies in the offices of commissioners of highways, proper to be filled by the board of appointment, as was done. The statute, to which we have already referred, provides that whenever any vacancy shall happen in any town, from death, resignation, removal from the town, or other cause, it shall be lawful for the justices of the peace of the town, together with the supervisor and town clerk, to fill the vacancy by appointment under their hands and seals; and the persons so appointed shall hold their respective offices during the unexpired term of the persons in whose stead they have been appointed, and until others are elected and appointed in their places, and shall have the same powers, and be subject to the same duties and penalties as if they had been duly elected or appointed by the electors.

Section 10, chapter 121, Revised Statutes, requires that the commissioners of each town shall meet on the second Tuesday after the annual town meeting in each year at the town clerk's office, and shall organize as a board by electing one of their number president, and one of their number treasurer, and the town clerk shall be ex-officio clerk of the board, and shall keep a record of all the official acts and proceedings

of the board in a well-bound book, to be provided for that purpose, which record shall be signed by the president and clerk. Said board shall hold regular meetings at such times as they shall designate, and special meetings as occasion may require, at the call of the president, or any two of the commissioners; and no official business shall be transacted by the board except at a regular or special meeting. The treasurer so chosen shall receive and have charge of all moneys raised in the town for the support and maintenance of roads and bridges. He shall hold such moneys at all times subject to the order of the commissioners and not otherwise. Before the person chosen as treasurer shall be entitled to act as such, and within ten days after his appointment, he shall execute a good and sufficient bond in double the amount liable to come into his hands, with two or more land holders as sureties in such amount as the supervisor and town clerk shall determine.

It is plain to us, upon examination of the record, that relators at no time after the annual town meeting in the year 1900, were organized as a board, with the ability to execute the powers conferred by law upon them, and to do the business required by the exigencies of the public. No regular or special meetings were held, as the law required, at which any business could be done. Relators did not secure a qualified treasurer to have and receive the funds of the town, and to hold the same subject to their order, and whether this followed from their neglect or inability to find a legally qualified person to discharge such duties, is unimportant, for the effect was the same—their inability to control the moneys raised in the town for the support and maintenance of the roads and bridges, and their consequent inability to do any of the work required of them. Here was a clear abandonment of official duties; and whether such abandonment was from design, neglect, or inability to discharge the functions of their respective stations on the part of relators, the effect was the same in their relation to the public, namely, the objects for which the offices were created remained unfulfilled, and in those respects the

offices were, in legal effect, vacant, that is, they were not occupied by persons having the ability to discharge the duties thereof. A resignation, even by implication, may take place by an abandonment of official duties, and to complete the resignation, its acceptance may be manifested by the appointment of another to fill the place, thereby treating the office as vacant. Angell & Ames on Corp., Sec. 433–434. It is therefore our conclusion, that from the undisputed facts in the case, the board of appointment was justified, either in considering a resignation of the commissioners by implication, and accepting the same, or in treating the offices as vacant, and in appointing their successors, as they did; and it therefore follows that the title of the respondents to the offices respectively held by them is legal, and the court correctly decided as it did, and its judgment will therefore be affirmed.