## Jens Jacobsen, Petitioner, Plaintiff in Error, v. City of Chicago et al., Defendants in Error.

### Gen. No. 19,784.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 24, 1915.

### Statement of the Case.

Proceedings for writ of mandamus by Jens Jacobsen against the City of Chicago, the Fire Marshal and the Civil Service Commission to reinstate petitioner as driver in the fire department in said City and to place petitioner's name on the pay roll of said department. From a judgment denying the writ of mandamus the petitioner brings error.

The petitioner held the position of driver in the fire department of the City of Chicago under certification and appointment under the terms of the Civil Service Act, on September 19, 1910. On that day, on account of the illness of his wife, he applied to the Fire Marshal for a leave of absence for a year. The Fire Marshal advised the petitioner that he could not grant leave of absence for more than thirty days at a time, but that he would extend his leave from time to time. The petitioner thereupon obtained leave of absence for a period of thirty days from September 19, 1910, and removed with his family to Indiana, where he had leased a farm. On October 19, 1910, he made application for extension of his leave of absence for another period of thirty days. The extension was allowed but the petitioner received no notice thereof, and made no further application for extension of his leave of absence or claim for reinstatement to his office or position until he returned to Chicago on or about August 15, 1911.

He was then informed that his resignation had been accepted on October 25, 1910.

It appeared that Driscoll, battalion chief over Jacobsen, and Capt. Strook, not being informed that the Fire Marshal had extended Jacobsen's leave of absence, investigated the action of Jacobsen, and Capt. Strook went to Jacobsen's farm near Valparaiso, Indiana, for the purpose of making an examination and report concerning his absence. Strook did not see Jacobsen but left word with his wife that Jacobsen should either return to work or send in the city property, such as the badge, cap, insignia, etc., which belonged to the City of Chicago. Within a week thereafter the insignia of office or position were received by Capt. Strook through the mail accompanied by a letter, the contents of which do not appear in the record. Thereupon Capt. Strook made out and signed Jacobsen's resignation of his position and his name was dropped from the pay roll of the department.

WILLIAM E. RAFFERTY, for plaintiff in error.

WILLIAM H. SEXTON, for defendants in error; JOSEPH F. GROSSMAN and JOHN E. FOSTER, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1.  MANDAMUS, § 15*—*where ineffectual.* The granting of a writ of mandamus is descretionary with the court in view of all the existing facts and with due regard to the consequences which may result, and in the exercise of this judicial descretion the court may refuse the writ though the petitioner has a clear legal right for which mandamus is an appropriate remedy, where it can be seen that it cannot accomplish any good purpose or where it will fail to have any beneficial effect.

[1] See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Jacobsen v. City of Chicago, 191 Ill. App. 511.·

2. MUNICIPAL CORPORATIONS, § 147*—*where laches precludes mandamus for officer's reinstatement.*  Where a petitioner had been advised that a leave of absence could not be granted for a period longer than thirty days at a time from his position as an officer in the fire department of the City of Chicago and a period of over fifteen months elapsed between the time of his removal and the day of his filing a petition for a writ of mandamus for reinstatement, and no excuses or justification for his long absence from duty or for his ignorance that his leave of absence had not been extended were shown, *held* that the writ was properly denied because of the unreasonable delay of the petitioner in presenting his petition for the writ.

3. MUNICIPAL CORPORATIONS, § 147*—*laches as bar to proceedings for reinstatement.*  Where a petitioner had a position as a driver in the fire department and upon his application for leave of absence for a year he was told that a leave could not be granted for a greater period than thirty days, but that an extension would be given at the end of that time, and he made application for an extension of his leave of absence but received no notice of the granting of the same and did not make any inquiries as to whether the extension had been actually made, and also did not concern himself in any way about the visit of an officer of the department to his residence in · another State for the purpose of investigating his absence from duty, and upon whose request he claimed to have surrendered all his insignia of his position, *held*, if the petitioner did not intend to resign, he was clearly guilty of such laches in neglecting to keep himself informed as to his status such as to preclude him from the right to a writ of mandamus for reinstatement.

4. OFFICERS, § 24*—*resignation by implication.*  A resignation of a public office by implication may take place by an abandonment of official duty without leave of absence or without good cause shown.

5. OFFICERS, § 24*—*sufficiency of parol resignation.*  A resignation of a public office may be made by parol, no written resignation being necessary.

6. OFFICERS, § 24*—*effect of nonuser or neglect to effect vacation of position.*  The intention to resign or abandon a public office may be inferred from the conduct of the officer if that conduct takes the shape of nonuser or neglect of duty so as to amount in itself to an actual vacation, the same constituting a sufficient abandonment or resignation of the office without express renunciation.

7. WORDS AND PHRASES,—*resignation of office.*  The resignation of an office is the act of giving it up and is synonymous with surrender, relinquishment, abandonment or renunciation. ,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. OFFICERS, § 24*—*sufficiency of evidence to show resignation or abandonment.* In a proceeding for a writ of mandamus for reinstatement as an officer in the fire department of the City of Chicago, evidence *held* sufficient to justify the judgment of the trial court in denying the writ of mandamus upon the ground that the petitioner had resigned or abandoned his position.