GEORGE G. LADD *vs.* CITY OF NEWBURYPORT.

Essex. March 14, 1919. — April 11, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Civil Service. Police. Waiver.*

A police officer of a city appointed under the civil service laws and rules of the Commonwealth gave to the city marshal his resignation in writing addressed to the mayor and aldermen to take effect on a certain day. Later the city marshal suspended the officer by a written order, wherein he was charged with drunkenness. After this the officer wrote to the mayor and aldermen that he withdrew his resignation and asked for a public hearing on the charges upon which the marshal had suspended him. At the next meeting of the board of aldermen it was voted to give the officer a hearing on a day named. On that day the officer said to the city solicitor and to the president of the board of aldermen that "he wanted to get away from the police department with a clear record," and this was reported to the board of aldermen. Thereupon the board passed the following order: "Ordered, that the resignation of [the officer] as a member of the police force of .the City be and is hereby accepted as requested by him in his communication of April 24, 1916. Be it further ordered that if any charges have been preferred against him by any one in authority said charges be withdrawn and expunged from any record, if the same have been recorded, thereby making said record clear. Be it further ordered that [the officer] be given a copy of this order." The officer was given a copy and neither he nor his counsel objected to it, and, in answer to a question from the city solicitor, the officer said, " I have just what I wanted. I don't want anything to do with the police force, and I have got away with a clear record, and there is nothing against me." Immediately thereafter the mayor made a nomination in writing of a person to succeed the officer and the nomination

was confirmed at a public meeting of the aldermen without any protest being made against the appointment of a successor to the officer. Later, the officer brought an action against the city for his services during the remainder of the time for which he had been appointed, alleging that he had been discharged unlawfully. A trial judge found and ruled that the plaintiff had waived all rights to a hearing and had acquiesced in all that had been done by the board of aldermen, and gave judgment for the defendant. *Held,* that the finding was warranted and that the ruling was right.

CONTRACT against the city of Newburyport to recover compensation for services alleged to have been performed by the plaintiff after his alleged unlawful discharge by the defendant. Writ dated October 10, 1916.

In the Superior Court, after a demurrer of the defendant had been overruled, the case was heard by *Dubuque,* J., without a jury. The evidence and the finding and ruling of the judge are described in the opinion. Nelson, referred to in the opinion, was the city solicitor. The statement mentioned was not excepted to by the plaintiff. The judge ordered judgment for the defendant and at the request of the plaintiff reported the case for determination by this court.

*T. E. Herlihy,* for the plaintiff.

*H. I. Bartlett,* for the defendant, was not called upon.

PIERCE, J. This is an action of contract in which the plaintiff claims to recover for 'services as a police officer of the defendant city, from April 24, 1916, to October 10, 1916.

At the trial without a jury, it was admitted or found on the testimony that on April 24, 1916, the plaintiff was a police officer duly appointed under the civil service laws and rules of the Commonwealth; that on that day, to the city marshal, he tendered his resignation orally to take effect immediately, and in writing to take effect on May 1, 1916; that on the same day, after the plaintiff had tendered his said resignation, the city marshal suspended the plaintiff by a written order, wherein the plaintiff was charged with drunkenness; that on April 25, 1916, the city marshal reported to the mayor of the defendant city that he had 'suspended the plaintiff for drunkenness and also handed him the written resignation addressed "To the Mayor and Honorable Board of Aldermen;" that the mayor gave to the city clerk, who is clerk of the board of aldermen, the marshal's report and the plaintiff's resignation, and they were filed; that on April 27, 1916,

the plaintiff wrote the mayor and board of aldermen that he withdrew his resignation and asked for a public hearing on the charges upon which the marshal had suspended him, which charges, it is admitted, had not then been filed by the city marshal in the city clerk's office; that at the next meeting of the board of aldermen, on May 1, 1916, it was voted to give the plaintiff a public hearing on May 8, 1916, at a special meeting; that on May 8, 1916, the plaintiff stated to the city solicitor of Newburyport, and his counsel to the president of the board of aldermen, that "he wanted to get away from the police department with a clear record;" that these statements were made known to the board of aldermen; that thereupon the board of aldermen passed the following order: "Ordered, that the resignation of George G. Ladd as a member of the police force of the City be and is hereby accepted as requested by him in his communication of April 24, 1916. Be it further ordered that if any charges have been preferred against him by any one in authority said charges be withdrawn and expunged from any record, if same have been recorded, thereby making said record clear. Be it further ordered that George G. Ladd be given a copy of this order;" that the plaintiff was given a copy of this order as therein provided and neither he nor his counsel made objection or protest against the same; that after the vote of May 8, 1916, the city solicitor said to the plaintiff, "Ladd, how does it suit you?" to which inquiry the plaintiff replied, "Squire, I have just what I wanted. I don't want anything to do with the police force, and I have got away with a clear record, and there is nothing against me;" that thereupon and immediately thereafter the mayor made a nomination in writing of a person to succeed the plaintiff, the nomination was confirmed at a public meeting and no protest was made against the appointment of a successor to the plaintiff.

Upon the foregoing facts, and the inferences to be drawn therefrom, the presiding judge was warranted in finding and ruling, as he did, that the plaintiff waived all rights to a hearing and acquiesced in all that was done by the board of aldermen at the meeting of the board, May 8, 1916. This finding disposes of the plaintiff's claim for salary, and required a ruling in favor of the defendant. *Phillips* v. *Boston,* 150 Mass. 491. *Malcolm* v. *Boston,* 173 Mass. 312, 318. There was no error in admitting the

testimony of Nelson, and, if so, it was not prejudicial to the plaintiff.  *Old Colony Railroad* v. *Boston,* 189 Mass. 116, 122.

In accordance with the stipulation contained in the report, judgment is to be entered for the defendant.

*So ordered.*