Hibbard, P. J.
The plaintiff has brought an action to recover wages alleged to be due from the defendant. The declaration is in four counts. The plaintiff concedes that there is nothing due her under the first count. The second, third and fourth counts are for a separate cause of action. The substance of each is an allegation that the defendant owes .the plaintiff the sum of fifty-two ($52.) dollars, representing compensation for services as a ward maid, and being the balance of salary due for twenty-six months at two dollars per month from January 1, 1934 to February 29, 1936 inclusive.
The defendant’s answer was a general denial of each and every material allegation with an admission that it refused to restore and return to the plaintiff any sum of money alleged by her to be due for wages.
The plaintiff is a civil service employee with the rank of ward maid. Her civil service seniority date is May 9, 1930'. Prior to December 22, 1932, she was receiving wages at the rate of forty-five ($45.) dollars per month. On Deeemmer 23,1932, she received a notice from the Board of Health of the following tenor:
“You are hereby notified that at a meeting of the . Board of Health held December 22, 1932, it was voted, due to the necessity for economy, that your salary as ward maid at the Health Department Hospitals be reduced two ($2.) dollars per month for the fiscal year 1933, effective January 1, 1933.”
The reduced salary was paid for the year 1933. The plaintiff did not request a public hearing within the statu *65 tory time (G. L. Ch. 31, §43). It is conceded by her counsel that the reduction was. valid for the year 1933. Without further notice to her and beginning January 1, 1934, her salary check continued to be for the sum of forty-three ($43.) dollars per month.
It is clear that under the terms of the notice dated December 22, 1932, the reduction was limited to the calendar year 1933. Her salary then reverted to the former figure of forty-five ($45.) dollars unless the defendant’s contentions are valid. These contentions are:
(1) That the Board of Health of the City of Springfield, and later after the passage and acceptance by the City of chapter 267 of the Acts of 1934, a special act relative to the Health Department of the City of Springfield, fixed the compensation of the plaintiff at the rate of five hundred sixteen ($516.) dollars per year in each of the years 1934, 1935 and 1936, and that the • City Council in passing the budget each year specifically appropriated the sum of five-hundred sixteen ($516.) dollars a year for the payment of the plaintiff’s services.
Prior to the acceptance of said chapter 267, the date of which does not appear in the report, the Board of Health of the City of Springfield operated the health department. It had the powers given and imposed upon boards of health by General Laws and one of these powers is found in ch. Ill, §27, which provides that the board of health may employ the necessary officers, agents and assistants to execute the health laws and its régulations, and it may fix the salary or other compensation of such other agents and assistants.
After the acceptance of the Acts of 1934, chapter 267, all the powers imposed upon boards of health of the City of Springfield by general or special laws, except the powers to make regulations, were given to a Commissioner of Public Health.
*66 (2) That no'department of any city or town has a right to incur liability in excess of the appropriation made for the nse of .such department, except in cases of extreme emergency involving the health or safety of persons or property and then only by a vote in a city of two-thirds of the members of the City Council. See General Laws, ch. 44, §31.
(3) . That mayors of certain cities must submit annual budgets which shall consist of itemized and detailed statements of money required and thereafter the City Council by majority vote shall make appropriations in detail clearly specifying the amount to be expended for each particular purpose, but the budget shall not be in such detail as to fix specific salaries of employees under the direction of boards elected by the people other than the City Council. See G. L. ch. 44, §32.
(4) That expenditures in anticipation of appropriations are authorized but liabilities incurred prior to the next annual appropriation shall not exceed in any month the sum spent for similar purposes during any one month of the preceding year; that to restore the reduction in wages of the plaintiff would involve an expenditure which would increase the amount for carrying on the work of the Department of Health beyond the limit thus established by statute. See G. L. ch. 44, §34.
Before dealing with these contentions, it is proper to say that the report indicates that there was a balance in the appropriation made for the years 1934 and 1935 at the end of the fiscal year.
It further appears that the reduction in the plaintiff’s wages was not a part of a uniform reduction of all employees, and therefore the case does not come within the scope of the decision in Whalen vs. Special Justice of the *67 First District Court of Eastern Middlesex, 1936 A. S. 1731, and the eases therein cited.
In answer to the defendant’s contention that the action of the Board of Health in reducing the plaintiff’s salary for the year 1933 effected a reduction for all of the years thereafter, it is sufficient to say that the plaintiff’s status as a civil service employee entitled her to the compensation theretofore fixed for her and that that compensation could be reduced or lowered only by compliance with the provisions of chapter 31 of the General Laws; that by limiting the lowering of the compensation to the year 1933 the defendant estopped itself to reduce said compensation beyond January 1, 1934, without appropriate statutory action. The plaintiff’s status reverted on the last-named date to the forty-five ($45.) dollars per month compensation. That compensation the plaintiff was entitled to unless the other stated defenses are valid or unless the defendant acquiesced in the reduction.
As to the defenses which are above outlined as numbered 2, 3 and 4, it is sufficient to say that they are disposed of by the decision of the Court in the recent case of Barnard vs. City of Lynn, 1936 A. S. 1515.
This leaves for consideration the more difficult question of whether there was an acquiescence on the part of the plaintiff which in effect now estops her from recovering the amounts of the reduction during the period from January 1, 1934 to February 29, 1936.
From the report it appears that on February 3, 1933, the plaintiff sent and the Board of Health received a letter requesting a hearing on the reduction in compensation of which she was informed by the letter of the Board of Health dated December 22, 1932; that this letter was sent to the Law Department of the City of Springfield and'the then city solicitor advised counsel for the plaintiff that not hav *68 ing demanded the hearing within the statutory period, the Board of Health denied the request for a hearing; that on February 10, 1933, counsel for the plaintiff requested of the Board of Health an informal hearing without prejudice to either party; that no further notice or communication passed between the parties until February 20, 1936, when a written communication was sent by counsel for the plaintiff to the Finance Committee of the City of Springfield requesting their attention to the grievance of the plaintiff, and alleging that the reduction for the fiscal year of 1933 was continued into 1934, 1935 and 1936, and that she had not been able to obtain any satisfaction from the Health Department as to her status regarding the matter of this reduction; that there was evidence tending to show that the plaintiff after receiving the reduction in her salary went to a Mrs. Harriet L. Moore, secretary of the Springfield Local of the Federation of State, City and Town employees, and asked her to represent her and make an objection to the defendant and its Board of Health for reducing her salary; that the plaintiff also instructed Mrs. Moore six or seven times a year during 1933, 1934 and 1935 to make objection to the defendant and its Board of Health in her behalf concerning the reduction in pay; that the plaintiff knew of her own knowledge that Mrs. Moore had made oral objection as her representative during the years 1934 and 1935; that the plaintiff remained continuously in the employ of the defendant, rendering the same services until the bringing of this action; that the plaintiff received her monthly payments in cash and signed the payroll each month before receiving her pay envelope from the paymaster; that she knew what was in the envelope before she opened it and made no protest to the paymaster because she did not think she could make a protest to him; that she herself never went to the Board of Health, the.Com *69 missioner of Public Health or the Finance Board of the City; that Mrs. Moore above referred to who was then employed at the hospital talked to the members of the Board of Health the first part of Jan. 1934 about the reduction in salary of the employees of the hospital and was told she would hear from the board later; that Mrs. Moore then left her employment at the hospital for ten months except for about two weeks in July and returned in November 1934; that Mrs. Moore again talked with the members of the Board of Health in January 1935 while they were having dinner at the hospital, telling them she had not heard from them and asking if they thought there would be any possibility that she would get her money and that she thought the employees should have their money back for they were working harder for less money, the personnel had been reduced and she thought the cut was not fair; that Mrs. Moore represented the plaintiff as well as other employees in these talks with the Board of Health and that in addition to her talks in January 1934 and January 1935 she spoke to the Board of Health as a body and at other times with members of the Board individually in behalf of herself, the plaintiff and other employees; that in 1936 the employees got together and engaged an attorney who sent the communication hereinbefore referred to and dated February 20, 1936; that one of the members of the Board of Health at one time told Mrs. Moore to be patient and that in a little while they would get their money back; that she found out the Mayor and Finance Committee were the ones determining the budget and appropriations for the hospital; and that the appropriations were set up for each particular person at the hospital and fixed in the budget.
In the report there is a considerable recitation of evidence objected to or offered and excluded and a claim of report by the plaintiff by reason of such admissions and ex- *70 elusions, and .having to. do almost entirely with the matter of the fixing of salaries and appropriations which we do not deem it necessary to pass upon in view of our interpretation of the law hereinbefore set forth.
At the dose; of the evidence the plaintiff presented nineteen requests for rulings of which the following were denied:
“(1) That upon all the law the plaintiff is entitled to recover in this action.
“(2) That upon all the evidence the plaintiff is entitled to recover in this action.
“(3) That upon the weight of the evidence the plaintiff is entitled to recover in this action.
“(4) That the defendant has introduced no evidence as to any waiver by the plaintiff of her rights as to the cut imposed during 1934, 1935 and 1936.
“ (5) That the defendant has introduced no evidence proving that the plaintiff consented to the salary cut imposed during 1934, 1935 and 1936.
“ (10) That the defendant in answering Count #3 of the plaintiff’s declaration which alleged the following material allegations, ‘but the defendant failed and refused and still refuses to restore and return to the plaintiff the sum of fifty-two dollars with interest thereon representing the balance due to the plaintiff as salary for said twenty-six months’ made the following admisison, ‘it admits that the defendant refuses to. restore and return to the plaintiff any sum of money’, and that this admission by the defendant in its answer, is an admission, for the purpose of these cases, that the plaintiff has never assented to the cut for the years alleged and has always protested her cut and requested her money back.
“(11) That the plaintiff has testified that she always protested the salary cut since its inception.
“(14) That protests were made by the plaintiff ■ during 1934, 1935 and 1936.
“ (16) That acquiescence cannot be found as a matter of law.
“ (17) That in an action of this nature, acquiescence is an affirmative defense which must be specifically alleged in the defendant’s answer.
*71 “(18) That no evidence can be introduced by the defendant as to any alleged acquiescence unless said acquiescence is pleaded in the answer.”
The Court in disposing of these requests gave his reasons for denial as follows:
“First request denied, in view of the finding by the Court.
“Second request denied, as being a general request not in conformity to the rules of this Court.
“Third request denied, as being a general request not in conformity to the rules of this Court.
“Fourth request denied, the Court having found to the contrary.
“Fifth request denied, the Court having found to the contrary.
“Tenth request denied, the Court having found to the contrary.
“Eleventh request denied, as not being a request for a ruling of law.
“Fourteenth request denied, in view of the finding by the Court.
“Sixteenth request denied, the Court having found the contrary to be a fact.
“Seventeenth request denied, the Court having found to the contrary.
“Eighteenth request denied, the Court having found to the contrary.”
Thereafter the Trial Court found the following facts:
“The Court specially finds that a valid and proper classified public service statutory notice was given in accordance with General Laws (Ter. Ed.) ch. 31, §43, reducing the monthly salary of the plaintiff for the fiscal year ending November 30, 1933; that the plaintiff asked no hearing thereon and pursued no remedy as outlined by said statute; that after November 30, 1933, the plaintiff rendered the same services, and her salary remained at the same reduced amount, being fixed by the defendant in accordance with law in each fiscal year, until the bringing of this action February 12, 1936 ; that the plaintiff knew that she was entitled *72 to a statutory notice if her compensation for services was lowered, and she also knew that her salary had been reduced; that the plaintiff further knew that her salary was fixed by the city in each year; that the plaintiff did not expect and had no reason to suppose that the defendant would ever restore her former salary after same had been reduced; that the plaintiff accepted her pay each month at the reduced rate without protest; and the. plaintiff did not personally, or by representative, assert any right to a further notice; that, by her conduct, the plaintiff indicated an intention to relinquish any right to an additional notice, if one was necessary, and acquiesced in and accepted the benefits of the employment at the reduced salary; and that a new contract at the reduced rate of pay is implied. ”
The Court found for the defendant.
The claim of report was denied by the Trial Judge and a petition to establish the same duly filed. This petition was referred to a Single Justice and his decision came before the Court sitting en banc which established the report now before us.
The material parts of the decision by the Trial Court resolve themselves into two distinct findings:
(1) That the plaintiff acquiesced in the reduced salary and is therefore now estopped to prosecute this action.
(2) The conduct of the plaintiff was such that a new contract at a reduced rate of pay is implied.
As to the first of these findings it is sufficient to say that not having been pleaded, the defense of acquiescence or estoppel was not open under the answer containing only a general denial. Gilson vs. Nesson, 208 Mass. 368.
-The cases of Phillips vs. Boston, 150 Mass. 491, Malcolm vs. Boston, 173 Mass. 312, Ladd vs. Newburpport, 232 Mass. 570 and Ladd vs. Fall River, 264 Ma.ss. 98 are clearly distinguishable from the instant action.
*73 We do not find it necessary to decide whether there can be an implied contract with a municipal employee. See Riopel vs. Worcester, 213 Mass. 15.
We cannot tell from the report or the decision the basis for the finding by the Trial Court for the defendant. The failure to give the 17th and 18th requested rulings was prejudicial error and there must be a new trial.