BERTRAM E. BRANCHE *vs.* CITY OF FITCHBURG
(and nine companion cases [1]).

Worcester.    March 6, 1940. — September 17, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Civil Service.*

Acquiescence by a civil service employee in his seasonal suspension each year, not effected in accordance with G. L. (Ter. Ed.) c. 31, § 43, barred his right to recover his wages for the periods of suspension.

TEN ACTIONS OF CONTRACT. Writs in the Superior Court dated April 14, 1938.

There were findings for the defendant by *Donnelly*, J. The plaintiffs alleged exceptions.

*J. W. Kelleher*, (*L. Mason* with him,) for the plaintiffs.

*E. H. Dudley*, City Solicitor, for the defendant.

LUMMUS, J. The plaintiffs in these ten actions of contract were employees of the cemetery department of the defendant, within the classified civil service. They were

---

[1] The nine other cases were brought against the same defendant by Thomas M. Fallon, Gustaf Forsberg, Lennie Hendrickson, Otto Hendrickson, Settimo Ingandela, Wilho M. Krook, Frank Marrella, Frank Nikkula, and John Shea, respectively.

laid off by oral communication from the superintendent in the autumn of each year from 1932 to 1937 inclusive and put to work again in the following spring. They were commonly spoken of as "summer men." The appropriations for the cemetery department were insufficient to pay them through the winters, when there was little need of their services. They understood the situation, and, except for the plaintiff Fallon at some time during the winter of 1937–1938, they never complained that any legal right of theirs was being infringed though they tried to have the appropriations increased. None of them presented himself for work during the winters after being laid off in the autumn. All of them secured other employment or tried to do so. An auditor found that all the plaintiffs "acquiesced in their suspensions." That finding is not overcome by the agreed fact that at some time in the winter of 1937–1938 the plaintiff Fallon brought a petition for a writ of mandamus to restore him to employment. On April 14, 1938, these actions were brought to recover wages for the periods during which the plaintiffs were out of work.

The plaintiffs Forsberg, Ingandela, Krook and Nikkula were listed in the civil service lists as "recurrent laborers," and the other plaintiffs were listed as "laborers." We put to one side the contention that the four men named, by the nature of their listed employment (compare *O'Brien* v. *Inspector of Buildings of Lowell*, 261 Mass. 351; *Frye* v. *School Committee of Leicester*, 300 Mass. 537), and all the plaintiffs, by the nature of their actual employment, were entitled, not to continuous employment, but only to continuous connection with the public service until the statutory requirements for suspension were met. We assume in favor of all the plaintiffs, without so deciding, that laying them off for the winter without formal written notice under G. L. (Ter. Ed.) c. 31, § 43, was an unlawful suspension. *Goss* v. *District Court of Holyoke*, 302 Mass. 148.

The civil service laws are intended to protect an officer or employee from unjustified removal or suspension against his will. They do not override his will. He may resign at any time. *Ladd* v. *Newburyport*, 232 Mass. 570. If he is

content to be removed or suspended, the public has no interest in retaining him. In *Phillips* v. *Boston,* 150 Mass. 491, a police officer was unlawfully removed in 1878. He made no attempt to have his removal declared illegal or to perform further duty. In 1888 he brought an action of contract for all his back salary. It was held that he had waived or abandoned all right to salary by his acquiescence in the removal. See *French* v. *Lawrence,* 190 Mass. 230; *Ransom* v. *Boston,* 192 Mass. 299, 307; *S. C.* 196 Mass. 248, 251, 253; *Harrison* v. *Fall River,* 257 Mass. 545, 549, 550; *Lake* v. *Fall River,* 264 Mass. 98; *Feehan* v. *Chief Engineer of the Fire Department of Taunton,* 264 Mass. 178. In *Streeter* v. *Worcester,* 177 Mass. 29, a police officer illegally removed on March 24, 1896, lost his right to restoration on mandamus by delaying his petition until October 16, 1899. See *Hill* v. *Mayor of Boston,* 193 Mass. 569, 574; *Peckham* v. *Mayor of Fall River,* 253 Mass. 590, 593. Under the present law a petition for mandamus to compel reinstatement in a civil service position cannot be maintained as of right unless brought within six months after a removal. G. L. (Ter. Ed.) c. 31, § 46A.

From the finding of the auditor that the plaintiffs acquiesced each year in their suspension for the winter, the judge could find that their conduct justified the defendant in assuming that each party to the contract of employment was absolved from obligation to the other for the winter, and that the contract of employment was modified accordingly. *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Association,* 290 Mass. 235, 238. *Tudor Press, Inc.* v. *University Distributing Co.* 292 Mass. 339, 341. *Splaine* v. *American Powder Co.* 298 Mass. 114, 116–117. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540, 542. The requests for rulings presented by the plaintiffs were inconsistent with the view which we have taken, and were properly refused.

*Exceptions overruled.*