STOUGHTON BELL & others *vs.* TREASURER OF CAMBRIDGE & others.

Middlesex.     November 5, 1941. — December 31, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Public Officer. Municipal Corporations*, Officers and agents, Contracts, Municipal finance. *Cambridge. Contract*, Performance and breach, With municipality. *Equity Jurisdiction*, Ten taxable inhabitants' petition.

The obligation of the city of Cambridge to pay its mayor a salary established by ordinance ceased during a period when he deliberately refrained from performance of his official duties in accordance with a stipulation made by him with the court as a condition of suspension of a sentence for bribery.

The implication of the enactment of St. 1941, c. 505, was that only one salary should be paid for the performance of the duties of the office of mayor of Cambridge, namely, the salary to the president of the council authorized thereby to perform the duties of an incumbent who voluntarily had ceased to perform them.

There was jurisdiction under G. L. (Ter. Ed.) c. 40, § 53, to enjoin payment of salary to a city official where, by reason of his deliberately refraining from further performing his official duties, such payment would be a mere gratuity.

PETITION, filed in the Superior Court on May 27, 1941.

An interlocutory decree overruling a demurrer to the petition, and a final decree granting the relief sought were

entered by order of *Goldberg*, J. The respondent Lyons appealed.

*F. T. Leahy*, for the respondent Lyons.

*L. Wheeler, Jr.*, (*F. C. Cowan & W. R. Woodward* with him,) for the petitioners.

RONAN, J. This is a petition in equity under G. L. (Ter. Ed.) c. 40, § 53, brought by certain taxpayers of Cambridge to restrain the respondent Carroll, the city treasurer, and the respondent McKenzie, the city auditor, from paying to the respondent Lyons his salary as mayor for the month of May, 1941, and for every subsequent month during the term for which Lyons was elected or until such time, if any, as the conviction of Lyons for accepting bribes may be reversed on appeals now pending. Lyons appealed from an interlocutory decree overruling his demurrer, and from a final decree enjoining the other respondents from making payments of salary to him in accordance with the prayers of the petition.

Lyons was elected mayor for the term of two years commencing January 1, 1940. He accepted the said office and exercised its duties until March 20, 1941, when he was found guilty by a jury upon one indictment charging him, as mayor, with a conspiracy with another to accept bribes, and upon four other indictments charging him, as said mayor, with accepting bribes. He was sentenced on March 21, 1941, to imprisonment in the house of correction upon the conspiracy indictment and to imprisonment in State prison upon the indictments for accepting bribes. Lyons, at the time the sentences were imposed, moved for a stay of execution of each of the sentences. The judge then asked him: "if a stay of sentence is granted you, do you stipulate in open court that pending your appeal of these indictments and until final disposition of your appeal you will not perform any acts, render any opinions, make any appointments, or in any manner exercise any of the powers and privileges of your office or pertaining to your office as mayor of the city of Cambridge?" Having received an answer in the affirmative, the judge then stated he would allow the motions for a stay of sentence but that such stay was "con-

tingent and dependent on the carrying out of the stipulation." Lyons has not since exercised any of the duties of mayor. Following his sentence the rights and duties of the office of mayor of Cambridge were with certain limitations entrusted by statute to the president of the city council of that city, who was to be paid compensation at the rate of $7,500 a year, but the powers conferred upon the president of the council were not to be exercised by him from and after the date of acquittal of Lyons if he "should be acquitted in the criminal proceedings now pending against him." St. 1941, c. 505.

The respondent Lyons, hereinafter referred to as the respondent, contends that he still holds the title to the office of mayor, that his right to that office cannot be tried in the present proceeding and that the payment of his salary is an incident to the office which in no way depends upon the performance of the duties of the office.

It was pointed out in *Moore* v. *Election Commissioners of Cambridge*, 309 Mass. 303, 306, that the present form of government of that city is Plan B as described in G. L. (Ter. Ed.) c. 43, §§ 56–63, inclusive, as amended. The chief executive officer of the city under that form of municipal government is the mayor. G. L. (Ter. Ed.) c. 43, § 58. He has general supervision over all departments of the city. *Rollins* v. *Salem*, 251 Mass. 468. *Eastern Massachusetts Street Railway* v. *Mayor of Fall River*, 308 Mass. 232. The incumbent of the office is a public officer. *Attorney General* v. *Drohan*, 169 Mass. 534. *Attorney General* v. *Tillinghast*, 203 Mass. 539. *McLean* v. *Mayor of Holyoke*, 216 Mass. 62. The fixing of the salary of this particular office has been entrusted to the city council of Cambridge by St. 1928, c. 54, amending G. L. c. 43, § 62, which has been accepted by the voters of that city and provides that the mayor shall receive for his services such annual salary, not exceeding $7,500, as the city council may by ordinance determine. The city council thereafter passed an ordinance establishing a salary of $7,500 for such services. This ordinance was validated by St. 1930, c. 106.

It has been said that the salary is an incident of public

office and the obligation of the city to pay it rests upon some statute or ordinance and not upon any express or implied contract. *Walker* v. *Cook*, 129 Mass. 577. *Cook* v. *Springfield*, 184 Mass. 247. *Amerige* v. *Saugus*, 208 Mass. 51. *Riopel* v. *Worcester*, 213 Mass. 15. *Police Commissioner of Boston* v. *Boston*, 279 Mass. 577. *Campbell* v. *Boston*, 290 Mass. 427. *Mississippi* v. *Miller*, 276 U. S. 174. *Lynch* v. *United States*, 292 U. S. 571, 579. The obligation to pay, although not originating in contract, may be enforced in an action of contract because the statute or ordinance makes it the duty of the city to pay. *Cook* v. *Springfield*, 184 Mass. 247. *Campbell* v. *Boston*, 290 Mass. 427. But the relation between the official and the city in reference to his salary bears in some aspects a resemblance to a contractual right. The claim for salary was said in *Hooker* v. *McLennan*, 236 Mass. 117, 120, to be one "which in legal effect is upon an express contract," and in *McHenry* v. *Lawrence*, 295 Mass. 119, 121, it was said that "the appointment by a municipality of officers whose salaries are fixed by municipal action creates a contract of a sort." The abandonment of an office by the incumbent would have the same effect as would the breach of a contract to render personal services and would bar him from recovering his salary. *Phillips* v. *Boston*, 150 Mass. 491. *Streeter* v. *Worcester*, 177 Mass. 29. *Ladd* v. *Newburyport*, 232 Mass. 570. *Branche* v. *Fitchburg*, 306 Mass. 613. It is true that the respondent did not formally resign or expressly relinquish forever title to the office, but it is plain that he voluntarily relinquished the performance of all duties required by the office until the final disposition of the criminal proceedings. The appellate proceedings in these cases have not been submitted or argued in this court and it is evident that a decision cannot now be had until after January 1, 1942, the expiration of the term for which the respondent was elected. The respondent must be deemed to have intelligently understood the terms of the stipulation, and to have contemplated that, if there was no decision upon his exceptions or appeal before the expiration of his term, the effect of the stipulation would be that he would never act as mayor during the rest

of his term. He apparently made the stipulation with that intent and knowledge. In effect, he has abandoned his office by virtue of the stipulation. *Scofield* v. *United States,* 174 Fed. 1. *Wilkinson* v. *Birmingham,* 193 Ala. 139. *Brassell* v. *Brandon,* 223 Ala. 324. *People* v. *Spencer,* 101 Ill. App. 61. *Jacobsen* v. *Chicago,* 191 Ill. App. 511. *Relender* v. *State,* 149 Ind. 283. *Williamsburg* v. *Weesner,* 164 Ky. 769. *State* v. *Harmon,* 115 Maine, 268. *Attorney General* v. *Maybury,* 141 Mich. 31. *Rieke* v. *Hogan,* 138 Ohio St. 27. *Bunch* v. *Grant County,* 100 Okla. 268. Events happening since the filing of a bill in equity and which have properly come to the attention of the court may be considered in drafting a final decree in order that the relief granted may be adequate in view of the situation then existing. *McMurtrie* v. *Guiler,* 183 Mass. 451. *Bauer* v. *International Waste Co.* 201 Mass. 197. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1. *Hotel & Railroad News Co.* v. *Clark,* 243 Mass. 317. *Giles* v. *Giles,* 293 Mass. 495. *Ogens* v. *Northern Industrial Chemical Co.* 304 Mass. 401.

It could hardly be supposed that it was the intent of the ordinance, which dealt with the establishment of a salary for services, that one who had abandoned the exercise of all the powers and duties pertaining to an office should nevertheless be entitled to compensation. The amount of salary could not have been based upon any ground other than the value of the services rendered in the ordinary and usual administration of the office. Of course, we are not dealing with an instance where the officer is temporarily absent on account of illness, vacation, or for some other cause, but we confine our decision to the present situation where the officer has deliberately refrained from undertaking further any of his official duties. The ordinance cannot be stretched to require payment to a public official who, in order to avoid the immediate execution of a sentence to State prison following his conviction for bribery, relinquishes the exercise of all prerogatives of the office of mayor. The enabling act and the ordinance were not intended to provide for the payment of what in effect would be a mere gratuity, and such payment would be contrary to the let-

ter and spirit of both enactments. A construction of an ordinance that would lead to an absurd and unreasonable conclusion is not to be adopted where its language is fairly susceptible to a construction that would lead to a logical and sensible result. *Frye* v. *School Committee of Leicester*, 300 Mass. 537. *Commissioner of Corporations & Taxation* v. *Dalton*, 304 Mass. 147. *Worcester* v. *Quinn*, 304 Mass. 276. *VanDresser* v. *Firlings*, 305 Mass. 51. *Cullen* v. *Mayor of Newton*, 308 Mass. 578. *Sorrells* v. *United States*, 287 U. S. 435. *Armstrong Paint & Varnish Works* v. *Nu-Enamel Corp.* 305 U. S. 315. *United States* v. *American Trucking Associations, Inc.* 310 U. S. 534.

Furthermore, an official who has resigned, or acquiesced in his removal, or agreed to a suspension from his duties, thereby waives all right to salary during the time he is separated from the public service. The stipulation which the respondent entered into with the court has some resemblance in its immediate and general effect to a lawful suspension of the respondent from the further performance of his duties. He is not entitled to a salary during the time such a suspension remains in force. *Ladd* v. *Newburyport*, 232 Mass. 570. *Branche* v. *Fitchburg*, 306 Mass. 613. *Brassell* v. *Brandon*, 223 Ala. 324. *Nightingale* v. *Williams*, 70 Cal. App. 424. *Westberg* v. *Kansas*, 64 Mo. 493. *Blackwell* v. *Thayer*, 101 Mo. App. 661. *State* v. *Towl*, 127 Neb. 848. *LaBonté* v. *Berlin*, 85 N. H. 89. *Hillel* v. *Edgewater*, 106 N. J. L. 481. *Steubenville* v. *Culp*, 38 Ohio St. 18. *Ecker* v. *Cincinnati*, 52 Ohio App. 422.

The voluntary relinquishment of his duties by the respondent was followed by an act of the Legislature, St. 1941, c. 505, conferring those duties upon the president of the city council for the remainder of Lyons's term unless before then he should be acquitted. The salary of the president was fixed at $7,500 a year during the time he performed such duties. The Legislature was empowered to allocate the powers of the chief executive of the city and to provide for the payment of compensation to a municipal officer for the performance of the duties that ordinarily attach to the office of mayor. *Horrigan* v. *Mayor of Pitts-*

*field,* 298 Mass. 492. *Williams* v. *New Bedford,* 303 Mass. 213. *Higginbotham* v. *Baton Rouge,* 306 U. S. 535. The Legislature could hardly have intended to saddle a double liability upon the city and require it to pay a salary to the respondent and also to the president of the city council. The implications of this statute are persuasive that not more than one salary was to be paid. The practical effect of the statute was to furnish a substitute mayor, the necessity for which arose out of the voluntary action of the respondent. He was shorn of all power while the statute was operative and the office had no more than a nominal existence until he had secured an acquittal or unless prior thereto his term had expired.

It is not necessary to decide whether the imposition of sentence has wrought a forfeiture of office by the respondent. He has been sentenced in accordance with G. L. (Ter. Ed.) c. 279, § 4, upon his conviction of offences which are of such a nature that conviction carries with it not only the usual penalties of imprisonment with or without a fine but also a forfeiture of the office held by the convict. G. L. (Ter. Ed.) c. 268, § 8. Moreover, a sentence to State prison upon one holding an office under the Constitution or laws of this Commonwealth vacates the office. G. L. (Ter. Ed.) c. 279, § 30. Under constitutions and statutes creating a vacancy in public office if the incumbent is convicted of a felony, it is generally held that the office is vacated upon a verdict of guilty and that an appeal does not postpone the forfeiture of the office. *McKannay* v. *Horton,* 151 Cal. 711. *Attorney General* v. *Montgomery,* 275 Mich. 504. *State* v. *Fousek,* 91 Mont. 448. *State* v. *Jurgensen,* 135 Neb. 136. *In re Obergfell,* 239 N. Y. 48. *State* v. *Langer,* 65 N. D. 68. *State* v. *Chapman,* 187 Wash. 327. *State* v. *Levi,* 109 W. Va. 277. *Becker* v. *Green County,* 176 Wis. 120.

There is no jurisdiction in equity to try the title to public office. *Prince* v. *Boston,* 148 Mass. 285. *Brierley* v. *Walsh,* 299 Mass. 292. The aim of the present bill is to restrain the payments of salary to the respondent. The bill seeks no formal judgment of forfeiture, which of course could not be obtained except by an information in the nature of quo

warranto brought by the Attorney General against the incumbent. *Doherty* v. *Buchanan,* 173 Mass. 338. *Attorney General* v. *Loomis,* 225 Mass. 372. *Sevigny* v. *Russell,* 260 Mass. 294. The mere fact that the respondent contends that compensation is due him as a salary does not prevent the petitioners from showing that nothing is due him from the city whether under the guise of salary or otherwise, and that the payment of his claim is unauthorized and would constitute an illegal expenditure of the funds of the city. Consequently, there was no error in overruling the demurrer.

In the unusual circumstances existing in this case, the payment of salary instalments to the respondent for any period subsequent to the stipulation would be no more than a gratuity, which the city is not authorized to pay. *Whittaker* v. *Salem,* 216 Mass. 483. *Opinion of the Justices,* 240 Mass. 616. *Morse* v. *Boston,* 253 Mass. 247. *Jones* v. *Natick,* 267 Mass. 567. *Horrigan* v. *Mayor of Pittsfield,* 298 Mass. 492. *Connor* v. *Haverhill,* 303 Mass. 42. *Shannon* v. *Portsmouth,* 54 N. H. 183.

> *Interlocutory decree overruling demurrer affirmed.*
> *Final decree affirmed.*