Sullivan, J.
These are nineteen actions of contract instituted by the plaintiffs in two counts, seeking to recover fifty cents a day at the rate of 6% cents an hour during a period of six years preceding the dates of the writs covering the years 1938 to 1943 inclusive while working in the Cemetery Department of the defendant city.
Count one is on a count annexed and the second count is on quantum meruit. The defendant in a lengthy answer set out many defenses, including general denial, payment, estoppel, loches, that the plaintiffs were not salaried employees, that payment in full had been accepted by the plain *138 tiffs, that the defendant was acting within its power, that G-. L. (Ter. Ed.) e. 31 did not apply, that the Civil Service Laws as they apply to salaries did not apply, that the appropriation made for the department in which the plaintiffs were employed was exhausted.
. This cause is well stated in the trial court’s findings which were predicated upon credible evidence. The following findings of facts were made. That the actions of these nineteen plaintiffs involved the same principles of law and facts and were heard together. The plaintiffs were employees of the defendant City working as laborers in the Cemetery Department; that on January 2, 1924, the City Council of said defendant adopted the following order: “Ordered, that on and after January 1, 1924, the minimum wages of laborers in the employ of the City of Lawrence shall be $5.50 per day. All orders, ordinances, or parts of orders or ordinances inconsistent herewith are hereby repealed.” That some of the plaintiffs have worked in said department from a time prior to January 2, 1924, until the end of the period of time covered by their declarations, and others began to work for said defendant after said date, continuing such work until the end of the period of time covered by their declarations; that during* the periods of their employment wages paid in Cemetery Department were at the rate of Five Dollars per day and that all the plaintiffs have been paid for their work at such rate during* the time of their employment as covered by their declarations; that neither the Directors of the Cemetery Department nor their superintendent nor any of the plaintiffs knew of the adoption of said order until recently; that from a time shortly after learning thereof the plaintiffs have been paid at the rate of Five and 50/100 Dollars ($5.50) per day; that therefore, there has been no waiver of their *139 rights nor are they guilty of loches; that in March 1940, the defendant accepted the provisions of G. L., chap. 31 relating to the employment of laborers placing them under Civil Service and thereafter the employees in the Cemetery Department were placed on the roster of the Civil Service Commission as entitled to Five Dollars per diem and there was no evidence that available funds were appropriated to pay the additional fifty cents -per diem during the period preceding the acceptance of the above statute.
The right of a plaintiff to recover compensation for services rendered is based on contract express or implied between the parties and in this action the right of recovery is dependent on the existing contract, which is predicated upon an offer by one party and the acceptance thereof by the party whereby there is a “meeting of the minds.”
I rule the passage of the ordinance amounted to an offer by the defendant to pay at the rate of $5.50 per diem but there was no acceptance of such offer as the plaintiffs were in ignorance of such ordinance and therefore there was no “meeting of the minds”; that the plaintiffs had agreed to work for the Cemetery Department for five dollars per diem and were so paid and the illegality, if any there be of such completed contract, does not give the plaintiffs the right to increased pay for work already done and paid for.
There was a finding for the defendant.
A report was claimed by the plaintiffs upon the admissibility of certain evidence and the denial of the plaintiffs’ requested rulings numbered 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 14, 15,17,18,19, 20, 21, 22, 26 and 28. Requests 5, 6, 7, 8,10,15, 18 and 26 are argued in the plaintiffs’ brief and those not argued or briefed are to be regarded as waived. Com. vs. Dyer, 243 Mass. 472, 508. Walker vs. Nickerson, 291 Mass. 522, 527. Kennedy vs. Curran, 298 Mass. 435, 440.
*140 The following requests were briefed and argued: No. 5. “That the ordinance adopted by the City of Lawrence has the full efféct of law, and cannot be avoided by!any municipal board or officer. No. 6. That the defendant was bound by the ordinance to pay the plaintiffs the minimum wage so established. No. 7. The minimum wage ordinance adopted by the City of Lawrence cannot be waived or avoided by agreement or otherwise. No. 8. That any alleged waiver or agreement not to comply with a municipal ordinance is void and against public policy. No. 10. That the plaintiffs were employees and laborers of the City of Lawrence and were attached to the Cemetery Division and as such are to be treated the same as all other laborers in the employ of the City of Lawrence and were entitled to receive the minimum wage as established. No. 15. That failure of the defendant to pay the plaintiffs while members of, the Civil Service for the services performed by them amounted to a reduction in salary without written notice or hearing. No. 18. That the plaintiffs are entitled to recover the fair and reasonable value of the services rendered by them for the defendant. No. 26. That the receipt by the plaintiffs of a weekly wage or check from the defendant could not rightly be found to constitute an accord and satisfaction or to be settlements of disputed claims. (Stewart vs. John R. Laukenau Co., 259 Mass. 242.) No. 28. That as a matter of law the plaintiffs are not estopped from asserting their respective claims.
The trial court has found on credible evidence the plaintiffs were employed by the Superintendent of Cemetery Department acting for the Board of Trustees which was an independent body created by ordinance and as such were employees of the Cemetery Department. As the finding was for the defendant the evidence is to be taken in its aspect *141 most favorable to it. Winchester vs. Erickson, 281 Mass. 210, 212. LaRoche vs. Singsen, 281 Mass. 369.
It is not the function of this division to review the evidence but only to determine whether the finding of the trial judge can be supported on any reasonable view of the testimony. Winchester vs. Missin, 278 Mass. 427, 428. O’Toole vs. Magoon, 295 Mass. 527, 530 and cases cited. Moss vs. Old Colony Trust Co., 246 Mass. 139, 143.
The plaintiffs were employed by said department at a daily wage of $5.00 while other laborers employed by the defendant city were employed and paid at a rate of $5.50 per diem. On January 2, 1924, the City Council adopted an ordinance making the minimum pay of the laborers @ $5.50 per diem and that all orders, ordinances, etc. inconsistent thereto were repealed; that the plaintiffs and their department were in ignorance of such ordinance; that soon after learning of such ordinance, the plaintiffs received $5.50 per diem. No protest was made by the plaintiffs while receiving a daily wage of $5.00. . . . “It would not be in accordance with sound principles to permit the plaintiff to accept in silence a stipulated weekly wage week after week and then, without previous notice, seek to recover more.” Woods vs. Woburn, 220 Mass. 416, 420 and cases cited.
The weekly check received by the plaintiffs was endorsed as “payment in full” and “no other receipt required” and the acceptance of the same without protest amounted to an acquiescence^ of the Cemetery trustees in granting a daily wage of $5.00.
The neglect or omission to bring suit for their pay amounted to such acquiescence. Branche vs. Fitchburg, 306 Mass. 613, 615.
*142 The trial court could rightly find that such payments were made with assent of the plaintiffs. Ford et als. vs. Retirement Board of Lawrence, Mass. Adv. Sh. (1944) 159, 162. Woods vs. Woburn, supra is a case wherein the plaintiff, a fireman, in the water department of the defendant city entered its employ at ten hours which constituted his working day, until- Dec. 12,1899 when a statute was accepted by the voters establishing eight hours for a day’s work for laborers, workmen, and mechanics now employed or to be employed. The plaintiff for his ten hours work received $2.25 per day, a total of $13.50 a week and if he worked Sunday he received $15.75. In Dec. 1900 an oral agreement was entered into by the parties whereby the plaintiff for ten hours work daily which would constitute a day’s work, which included Sundays, whether or not he worked, would receive $16.00 per week. Subsequently a written contract was made between the parties that ten hours a day would constitute a day’s work and $16.00 per week was the compensation to be paid. The plaintiff left the employ of the defendant in August 1910. The court declared that the terms of the contract were not affected by any subsequent legislation and that statutes apply to the future and not the past if its construction is in issue; that compensation for work performed outside the time fixed by the statute cannot, be recovered when, without protest or demand at the time the work is being performed, regular wages have been accepted without comment. See page 420 and cases cited.
In Branche vs. Fitchburg, supra, the ten employees of the defendant who were in the classified civil service were part • time employees who were known as 1 ‘summer men” because the appropriations were insufficient to pay them to *143 work through the winter and there was little need of their services from 1932 to 1937. The plaintiffs brought their actions April 14, 1938. The court found the plaintiffs acquiesced each year in their suspension for the winter, and that their conduct justified the defendant in assuming that each party to the contract of employment was absolved from obligation to the other for the winter and the contract of employment was modified accordingly. See page 615 and cases cited there.
Unless the plaintiffs in the instant cases are aided by some other provisions of law they cannot recover anything in excess of the amounts appropriated for the pay in the respective years, notwithstanding the board’s general authority to contract with them on behalf of the city. McCarthy vs. Malden, 309 Mass. 563, 566.
There was no prejudicial error in admitting the Civil Service Roster which showed the rate of pay of the plaintiff’s wages. See Acts 1941, chap. 165, sec, 1 “Relative to the preparation and keeping of rosters of positions in the classified Civil Service and the incumbents thereof, and the use of such rosters in connection with the payment of salaries of compensation.”
Nor was it prejudicial error in admitting the checks showing the payment and receipt of wages of the plaintiffs thereon.
Every contention raised by the plaintiffs has been examined.
The requests for rulings presented by the plaintiffs were inconsistent with the view which we have taken and were properly denied. Branche vs. Fitchburg, supra @ p. 615.
There appearing to be no prejudicial error on the record, the report is dismissed.