.WILLIAM BROPHY *vs.* JEROME MARBLE & another.

Worcester.    October 7. — 22, 1875.    WELLS & AMES, JJ., absent.

A public officer, for whose compensation provision is made by law, cannot recover, except as so provided, for official services performed at the request of the person benefited thereby.

Under the St. of 1869, c. 152, § 1, authorizing the mayor and aldermen of a city to appoint one or more persons to be inspectors of petroleum and to "fix their compensation, to be paid by persons requiring their services under the provisions of this statute," the mayor and aldermen of a city passed an order authorizing the inspector of petroleum to collect of all persons owning or offering for sale petroleum or other articles requiring inspection by law, a certain sum per barrel, and provided for his compensation by the payment of ten cents for each barrel which it was his duty to inspect, and afterwards passed another order giving the inspector a salary and requiring him to pay all fees into the city treasury. *Held*, that the statute authorized the exaction of fees only for the purpose of compensating the inspector, and that, the mayor and aldermen having provided for his compensation by salary, he could not, after the passage of the second order, maintain an action against the owner of petroleum to recover fees.

CONTRACT on an account annexed to recover $227.30 for inspecting petroleum. The declaration also contained a count al-

leg.ng that the plaintiff was duly appointed and qualified as an inspector of petroleum in the city of Worcester, that his compensation was duly fixed at ten cents per barrel, and that he inspected for the defendants, from March, 1873, to October 1, 1874, 2273 barrels, according to the account annexed; and a count upon a *quantum meruit*, alleging that such inspection was made at the defendants' request.

At the trial in the Central District Court of Worcester, the plaintiff, to show his appointment as inspector of petroleum, put in evidence the records of the board of mayor and aldermen, as follows:

" May 20, 1872. Alderman Burrough, of the committee to whom was referred the petition of W. S. Davis and others, asking for the appointment of an inspector of petroleum, made a report and recommend the appointment of an inspector of petroleum and its products, in accordance with chapter 152 of the Acts of 1869. Whereupon the mayor nominated William Brophy. Sworn May 24, 1872, by City Clerk, for such inspector, and the board confirmed the same."

" June 10, 1872. Ordered, that the inspector of petroleum and its products be authorized to collect of all persons owning or offering for sale said articles of merchandise which may require inspection according to law, the following fees : For every inspection of a sample of petroleum or any of its products, or any quantity thereof less than ten barrels, he shall be paid the sum of one dollar; for every lot of more than ten barrels, he shall be paid ten cents for each barrel; and for all other oils or illuminating fluids, or other articles which it is made his duty by law to inspect, he shall be paid at the same rate as is above provided for petroleum and its products."

" March 24, 1873. To the first assistant engineer, he to be inspector of petroleum and electrician, and to pay all fees into the city treasury, twelve hundred dollars."

" January 26, 1874. To the first assistant engineer, who is to be superintendent of the fire alarm telegraph, and also inspector of petroleum, paying all fees into the city treasury, $1200."

Also the following records of the city council :

" Dec. 23, 1872. William Brophy was elected an assistant engineer of the fire department for the ensuing year."

"Dec. 15, 1873. William Brophy was reëlected 1st assistant engineer of the fire department for the ensuing year."

"March 23, 1874. William Brophy was reappointed inspector of petroleum, and sworn by the City Clerk, March 27, 1874."

The plaintiff then introduced evidence tending to show that he was duly sworn each year as such inspector; that he inspected the petroleum named in the declaration, for the defendants, and kept a record thereof. There was no evidence of compensation being fixed, other than appeared in said records. There was evidence tending to show that the defendants, upon their application, were duly licensed during the time covered by the declaration and sold at retail a certain amount of the petroleum inspected.

The plaintiff testified that when first appointed inspector of petroleum he notified the defendants of his appointment, and that he should inspect what petroleum they sold; that they always notified him when they had a car load of oil that needed inspection; that when thus notified he inspected it as soon as possible; that he made no claim for services except under the appointment, and that whatever was due for services in this case belonged to the city according to the above records. No question was made at the trial that the defendants did not have notice of the appointment of the plaintiff as inspector of petroleum.

The plaintiff contended that such inspection was a benefit to the defendants, and gave to their goods an increased market value and sale; and requested the judge to instruct the jury that, upon the aforesaid facts and testimony, he was entitled to recover the amount claimed in his declaration; that the order of June 10, 1872, was a fixing of the compensation of the inspector of petroleum, and, unless amended or changed, fixed the compensation to be paid; that the action of the mayor and aldermen annually in the appointment of an inspector of petroleum, without taking any further or additional action, was equivalent to fixing the compensation under the order or ordinance; and that if there was no annual compensation fixed by the mayor and aldermen, the defendants having received the benefit of the inspector's skill and services, he was entitled to a reasonable compensation therefor, if it was done at their request, whether his compensation was fixed or not by the mayor and aldermen.

The judge declined so to instruct the jury, but instructed them that, upon the plaintiff's showing, he could not recover on either count in his declaration, except for the inspection of so much of the first two items in his account annexed as were kept for sale or sold at retail, and that the burden of proof was upon him to show the quantity inspected by him thus kept or sold. The jury returned a verdict for the plaintiff in the sum of $5.27 ; and the plaintiff alleged exceptions.

In the Superior Court the instructions were affirmed, and the plaintiff entered the exceptions in this court.

*W. A. Williams,* for the plaintiff.

*F. T. Blackmer,* for the defendants.

GRAY, C. J. The St. of 1869, *c.* 152, § 1, authorized the mayor and aldermen to appoint one or more persons to be inspectors of petroleum, and to " fix their compensation, to be paid by persons requiring their services under the provisions of this statute." This authorizes the exaction of fees from such persons, only for the purpose of compensating the inspector, and not for the benefit of the city treasury — differing in this respect from the statutes under which *Boston* v. *Schaffer,* 9 Pick. 415, was decided.

The order of the mayor and aldermen of June, 1872, authorizing the inspector to collect certain fees from such persons, conformed to the statute. But the orders of March, 1873, and January, 1874, appointing the first assistant engineer to be inspector of petroleum, and giving him a salary of $1200, and requiring him to pay all fees into the city treasury, by thus prescribing a new way of compensating the inspector, necessarily superseded and repealed the former order, so far as his compensation was concerned ; and as the mayor and aldermen had no power to exact fees for any other purpose, the provision for the payment of fees into the city treasury was void, and the inspector is not authorized by any order of the mayor and aldermen to recover fees from the defendants for services since the order of March, 1873, took effect.

Being a public officer for whose compensation provision is made by law, the plaintiff cannot recover anything for official services except as so provided, even if he performed such services at the defendants' request. *Andrews* v *United States,* 2 Story, 202.

*Converse* v. *United States*, 21 How. 463. *Hatch* v. *Mann*, 1ᴇ
Wend. 44. *Evans* v *Trenton*, 4 Zab. 764. *Pool* v. *Boston*, 5
Cush. 219. *New Haven & Northampton Co.* v. *Hayden*, 117
Mass. 433. Gen. Sts. *c.* 163, § 22. *Exceptions overruled.*