Statement.

Richmond.

## CITY OF NORFOLK *v.* POLLARD.

February 4, 1897.

1. COURT OF APPEALS—*Errors of trial court—Motion for new trial.*—Unless the record shows that a motion for a new trial was made in the court below, and overruled, and that its ruling was excepted to, the Court of Appeals will not review the judgment, but it is not necessary that a formal bill of exceptions be taken to the ruling of the court. In the case at bar it sufficiently appears that exception was taken to the action of the court in overruling the motion for a new trial, as the record shows that a motion for a new trial was made and overruled ; that the defendant excepted to "sundry rulings and opinions of the court given on said trial and to the judgment entered therein " ; and that there were but three rulings and opinions given on the trial—the refusal to grant one instruction, the granting of another, and the overruling of the motion for a new trial. The motion for a new trial is the only one of the three which would have intercepted judgment after the verdict.

2. CITY ORDINANCE—*Renting market stalls at auction—Fees of auctioneer.*—A city ordinance which authorizes an officer to rent stalls in the market house at public auction does not authorize him to employ an auctioneer at the expense of the city. He is limited to his salary as compensation for all duties to be performed by him, unless otherwise provided, either expressly or by necessary implication. A renting at public auction simply required it to be made in public to the highest bidder. A regular auctioneer was wholly unnecessary to the validity of the renting.

Error to a judgment of the Corporation Court of the city of Norfolk, rendered April 13, 1894, in an action of *assumpsit*, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

This was an action of assumpsit on an open account of the plaintiff against the defendant for the sum of $566.70, for

commissions claimed by the plaintiff of the defendant for ser-
vices as auctioneer in renting market stalls.    The plaintiff
claimed that he was employed by the city collector, with the
approval of the finance committee of the city council.    It was
not denied that the services were rendered, nor that the prices
charged were reasonable.    After all the evidence was in, the
defendant moved the court to instruct the jury as follows:

"The court instructs the jury that there is nothing con-
tained in the ordinances of the city of Norfolk which author-
izes the employment of an auctioneer by its collector of city
taxes for the purpose of selling at auction the stalls and stands
of its public market and charging the city with the payment
of fees for such services; and if they believe from the evidence
that the sum sought to be recovered in this suit was charged
against the city for such services, then they shall find for the
defendant city."

But the court refused to give said instruction as above
offered, and instructed the jury that the city collector did
have the right to employ an auctioneer for the purpose of
renting out the said stands and stalls in the market, and
to charge the city with the payment of his reasonable com-
pensation, to which said refusal of the court to give said in-
struction, and to the action of the court in so instructing the
jury, the defendant by its attorney excepted.

*Thos. W. Shelton* and *Walter H. Taylor*, for the plaintiff
in error.

*George McIntosh*, for the defendant in error.

RIELY, J., delivered the opinion of the court.

The objection was made by the counsel for the defendant in
error, that it is not competent for this court to set aside the
verdict of the jury and award to the plaintiff in error a new
trial for any error committed during the trial, because it does

not appear that an exception was taken to the action of the court in overruling the motion for a new trial.

It was held in *Newberry* v. *Williams*, 89 Va. 298, and the rule approved in *Central Land Co.* v. *Obenchain,* 92 Va. 130, and in *Town of Bridgewater* v. *Allemong,* 93 Va. 542, that unless the record shows that a motion for a new trial was made in the court below and overruled, and that its ruling was excepted to, this court will not review the judgment, but that it is not necessary that a formal bill of exceptions be taken to the ruling of the court.

In the case at bar the record shows expressly that the motion for a new trial was made and overruled. It further shows that the plaintiff in error excepted to "sundry rulings and opinions of the court given on said trial, and to the judgment entered herein."

There were but three rulings and opinions of the court given on the trial, namely, the refusal to grant the instruction asked for by the defendant, the granting of the instruction offered by the plaintiff, and the overruling of the motion of the defendant for a new trial. It would seem to follow that, as there were only three rulings made by the court, and as exception was taken to "sundry" of them, and as "sundry" means more than one or two, all the rulings were excepted to. This construction is confirmed by the latter part of the statement quoted above, which shows that the exception of the defendant extended to the judgment entered by the court. A judgment in accordance with the verdict follows ordinarily as a matter of course, unless cause be shown against it by one or more of the methods allowed by law. 4 Minor's Inst., p. 926. The record shows that the only motion made to intercept the judgment and avoid the effect of the verdict was the motion for a new trial, and that this motion was overruled. Some meaning should be given to the statement in the record that the judgment was excepted to, and as the only step taken against it was the motion for a new trial, the ex-

ception noted upon the record was evidently intended to include the action of the court in overruling the motion for a new trial; otherwise, the latter part of the statement would be meaningless. We think that it sufficiently appears that exception was taken to the action of the court in overruling the motion for a new trial, and that we are authorized to review the judgment of the lower court.

This being the case, the matter presented for decision is the propriety of the instruction given to the jury; and this involves the inquiry, whether the city collector had the authority to employ the plaintiff to auction the renting of the stalls in the market house, and binds his principal, the city of Norfolk, for the payment of his services.

It is provided by an ordinance of the city that "the collector shall, on the first Monday in October, annually, expose for rent at public auction all the stalls within the market house, and collect the rent for the same; but in no case shall any stall be rented at a less price than the minimum price fixed by the council."

The ordinance makes it the duty of the collector to rent out the market stalls at public auction, but contains no suggestion of authority to him to employ an auctioneer for the purpose. It is made one of the regular duties pertaining to the office of city collector. Nor is any provision made in this or any other ordinance of the city for extra allowance to him, or remuneration to any other person, for the discharge of this duty. The remuneration for the performance of this service, as well as for the discharge of the other duties of the collector, is included within the regular salary or compensation affixed to the office. The officer has no more power to employ an auctioneer to aid him in the discharge of this duty, and bind the city to compensate him for his services, unless such authority was expressly conferred or necessarily implied, than he would have to employ assistance in the performance

of any other duty pertaining to his office, and render the city liable for its payment.

In regard to the powers that may be exercised by public officers, the law is thus stated in Mechem on Public Officers, sec. 511: "Express grants of power to public officers are usually subjected to a strict interpretation, and will be construed as conferring those powers only which are expressly imposed or necessarily implied."

Public officers or agents are held more strictly within the limits of their prescribed powers than private general agents —not only, it is said, because the authority of the former is a matter of record in the books of the corporation or of public law, and is more easily seen, and its extent definitely ascertained, while the extent of the authority of the latter is necessarily known only to the principal and agent, but because "the rights of large communities are in greater need of diligent guards than those of individuals," whose self interest is "quite apt to hold in frequent review the acts of all employees." *Parcel* v. *Barnes & Bro.*, 25 Ark. 267; and *Mayor of Balto. &c.* v. *Reynolds*, 20 Md. 1.

It is plain that the ordinance under consideration does not expressly confer on the collector the authority to employ an auctioneer to cry the renting of the market stalls, or to aid him in this duty; nor is the authority necessarily implied. A sale or renting at public auction differs from a private sale or renting only in being made in public, and to the highest bidder. It does not require, nor does its validity depend upon, the services of a regular auctioneer or any particular person. It may be made by any one. Where it is prescribed that a sale or renting shall be made at public auction, it is only necessary that it be made in public, and to the highest bidder. There is nothing in the duty imposed which required the services of a regular auctioneer to perform it; nor the least reason why it could not be discharged by the collector himself. He was clearly without authority to employ the

plaintiff to auction the market stalls and stands, and to bind the city to pay him for the services.

It is a well settled rule that a person accepting a public office, with a fixed salary or definite compensation, is bound to perform the duties pertaining to the office for the prescribed salary or compensation. He cannot legally claim extra or additional compensation for the discharge of any of the duties of the office, even though the salary or compensation be a very inadequate remuneration for the services required; nor can he employ another to perform or aid him in performing any of his official duties, and bind his principal to pay for the services of such other person, unless expressly authorized to do so or the power be necessarily implied. It is a wise and wholesome rule, and should be rigidly enforced. See 1 Dillon on Mun. Corp., sec. 233.

The Corporation Court, therefore, erred in refusing to give the instruction asked for by the defendant, and in instructing the jury, in lieu thereof, that the city collector had "the right to employ an auctioneer for the purpose of renting out the stands and stalls in the market, and charging the city with the payment of his reasonable compensation." For this error, its judgment must be reversed, the verdict of the jury set aside, and a new trial awarded the defendant, upon which trial the instruction given by the court upon the former trial is not to be given; but if instructions are asked for, the jury are to be instructed in accordance with the views herein expressed.

*Reversed.*