ALBERT N. RIOPEL *vs.* CITY OF WORCESTER.

Worcester.    September 30, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DeCOURCY, JJ.

*Public Officer.   Police.   Municipal Corporations,* Officers and Agents.   *Contract,* Implied in law.

One, who was appointed and has served as a reserve member of the police department of a city and has been paid therefor at a rate less than that paid to regular members of the department, cannot recover the difference between the pay he has received and what a regular officer would have received during the same time by showing that the ordinance of the city which provided for the appointment of reserve police officers was invalid.

There is no such relation between a city and its police officers as will oblige it to pay them for their services unless provision is made therefor by statute, ordinance or contract, and when such provision is made, the right of recovery and the amount to be recovered for services are determined, limited and regulated by its express terms, so that one, who was appointed and has served and been paid as a reserve police officer of a city under an invalid ordinance, cannot recover on a *quantum meruit* for the excess of the value of his services above what he had received.

CONTRACT upon an account annexed for pay as a police officer, as stated in the opinion. Writ dated April 17, 1911.

In the Superior Court the case was heard upon an agreed statement of facts by *Hall,* J., who found for the defendant. From a judgment entered in accordance with this finding, the plaintiff appealed.

The case was submitted on briefs.

*J. H. Meagher & E. Zaeder,* for the plaintiff.

*E. H. Vaughan & C. S. Anderson,* for the defendant.

DeCourcy, J. The plaintiff was regularly appointed a reserve member of the police department of Worcester on December 1, 1905, and served under that appointment until he left the police service February 4, 1911. He received his pay weekly and receipted upon the regular pay roll sheet for reserve policemen. During most of the time between December 1, 1906, and October 29, 1908, he was paid twenty-five cents a day less than were the regular patrolmen, whose pay was fixed by an order of the city council dated December 14, 1896; and he now seeks to recover this difference, amounting in all to $166.25. To support his claim he contends that the city had no authority to establish a reserve police force, and that he is therefore entitled to the rate of pay. fixed by the order of December 14, 1896.

The city council never accepted St. 1896, c. 314 (now R. L. c. 108, §§ 26–28), providing for the appointment of a reserve police force in cities. Presumably under the city charter, St. 1893, c. 444, § 41, which authorized the city council to establish a police department and to determine its membership, an ordinance was approved March 5, 1902, which established as a part of the police department a reserve police force, and provided that its members should receive "such compensation for time actually spent in such service as the mayor may fix."

We do not deem it necessary to consider the validity of this ordinance under which the plaintiff was appointed and served, nor the sufficiency of the mayor's action in fixing his compensation, as the plaintiff's salary has been paid and accepted under the same and as full payment for his services. *Libbey* v. *Lawrence,* 128 Mass. 215. He cannot avail himself of the order of December 14, 1896, because obviously that applies only to the pay of the regular patrolmen, and in fact was passed more than five years before a reserve police force was created. And as he never was appointed or served as a regular patrolman he would not be entitled to com-

pensation as such even if the ordinance of March 5, 1902, were invalid. An invalid appointment to one office would not operate as a valid appointment to a different one.

Nor can he recover on a *quantum meruit,* especially in the absence of any evidence as to the value of his services. Police officers are state or public and not corporate or private officers. There is no such relation between the city and the officers which it is required by law to elect or appoint as will oblige it to make compensation to them for their official services unless provision is made therefor by statute, ordinance, or contract. And when such provision is made, the right of recovery and the amount to be recovered for services are determined, limited and regulated by its express terms. *Sikes* v. *Hatfield,* 13 Gray, 347. *Brophy* v. *Marble,* 118 Mass. 548. *Phelon* v. *Granville,* 140 Mass. 386. *Cook* v. *Springfield,* 184 Mass. 247. 1 Dillon, Mun. Corp. (5th ed.) § 422.

In accordance with the agreed statement of facts the entry is to be made

*Judgment for the defendant.*