RICHARD C. DRISCOLL & others *vs.* CITY OF MEDFORD.

Middlesex.    December 4, 1951. — February 1, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Public Officer. Municipal Corporations,* Officers and agents. *Fireman.*

Permanent members of the uniformed fire fighting force of a city were
    public officers whose right to compensation rested solely upon an
    ordinance fixing their annual salaries and providing that such salaries
    should be "the exclusive and entire remuneration for the services
    rendered," and were not entitled to extra compensation for working
    in excess of forty-eight hours a week in a period after G. L. (Ter. Ed.)
    c. 48, § 58B, inserted by St. 1945, c. 413, § 1, had been accepted in the
    city.

BILL IN EQUITY, filed in the Superior Court on Septem-
ber 1, 1950.

The suit was heard by *Goldberg,* J.

In this court the case was submitted on briefs.

*J. E. Henchey,* for the plaintiffs.

*M. E. Gallagher, Jr.,* City Solicitor, for the defendant.

SPALDING, J.   This bill for declaratory relief is brought to
determine whether the plaintiffs are entitled to additional
compensation or time off because of services performed by
them for the city of Medford in excess of forty-eight hours
a week during a portion of 1949.   The case was submitted
on a statement of agreed facts.

The plaintiffs, with certain exceptions, are permanent
members of the uniformed fire fighting force of the city of
Medford, hereinafter called the city.   On November 2, 1948,
the voters of the city accepted G. L. (Ter. Ed.) c. 48, § 58B,

inserted by St. 1945, c. 413, § 1, the material portions of which read as follows: "The hours of duty of the permanent members of the uniformed fire fighting force in every city . . . in which this section is accepted . . . shall be so established by the . . . chief engineer . . . or other officers having charge of fire fighting that the average weekly hours of duty in any year, other than hours during which such members may be summoned and kept on duty because of conflagrations, shall not exceed forty-eight in number." This section took effect on February 2, 1949. Prior to its acceptance the chief of the city's fire department had estimated that at least twenty-five additional firemen would be needed to operate the department efficiently on a work schedule of forty-eight hours a week. In November, 1948, after § 58B had been accepted, the mayor of the city informed the director of civil service that additional firemen would be needed, and requested that an examination be held. At that time there was only one fireman on the eligible list and he was appointed on January 1, 1949. In response to the mayor's request the civil service department on January 22, 1949, held a special examination for additional firemen. In April, 1949, five men who had taken an earlier examination were declared eligible by the department of civil service and four were appointed, the fifth declining an appointment. In June the mayor requested the department of civil service to forward a list of eligible men. The director informed the mayor that the results of the January examination would be delayed "because of the difficulty in straightening out preferences to which veteran applicants were entitled." The results of the examination were announced in July and thereafter and before the year ended twenty-nine men were added to the department. The forty-eight hour week went into effect on July 1, 1949. Before that date and after February 2, 1949, when § 58B became operative, the plaintiffs had worked on a schedule of fifty-six hours a week. The average work week of the plaintiffs, computed for the period between February 2, 1949, and December 31, 1949, was fifty-two hours.

Driscoll v. Medford.

The city is operating under a charter which vests the conduct of its affairs in a mayor and a board of aldermen. The schedule of compensation to be paid to members of the fire department is established by a city ordinance. The ordinance also provides that "the compensation so provided shall be the exclusive and entire remuneration for the services rendered." The salary of members of the fire department "is on an annual basis and they are paid each week 7/365 of the annual salary." Neither the ordinances nor the rules of the fire department contain any provision for payment of compensation to members of the fire department for hours worked in excess of those prescribed by statute. There was no agreement to pay the plaintiffs any extra compensation. While it had been the practice to award time off to members of the department when they had worked overtime, no time off for hours worked in excess of those prescribed by § 58B has been granted.

The plaintiffs contend that after § 58B took effect they were entitled to extra compensation for periods worked in excess of forty-eight hours a week. In the court below a final decree was entered declaring that the plaintiffs were not entitled to compensation over and above their annual salaries, or to time off for overtime. The plaintiffs appealed. The plaintiffs challenge so much of the decree as declares that they are not entitled to extra compensation and we shall confine our discussion to that issue.

There was no error.

The plaintiffs, as members of the city's fire department, are public officers. *Gregoire* v. *Lowell*, 253 Mass. 119, 121. A public officer has no implied right to compensation. *Riopel* v. *Worcester*, 213 Mass. 15, 17. *McHenry* v. *Lawrence*, 295 Mass. 119, 120. When compensation is provided by law the right to recover it rests upon the statute or ordinance fixing the compensation rather than upon any contract express or implied. *Walker* v. *Cook*, 129 Mass. 577, 579. *Cook* v. *Springfield*, 184 Mass. 247, 249. *Campbell* v. *Boston*, 290 Mass. 427, 429. *McHenry* v. *Lawrence*, 295 Mass. 119, 120. *Bell* v. *Treasurer of Cambridge*, 310 Mass.

484, 487. It is true that the appointment by a municipality of officers whose salaries have been fixed by municipal action has been said to create "a contract of a sort" (*McHenry* v. *Lawrence*, 295 Mass. 119, 121), and that the obligation to pay such salaries may be enforced by an action of contract. *Bell* v. *Treasurer of Cambridge*, 310 Mass. 484, 487. But the statute or ordinance fixing the compensation is the foundation of the right. That is especially true here where the ordinance provided that the compensation provided for members of the department "shall be the exclusive and entire remuneration" for their services. While § 58B established shorter working hours for the department, the provisions of the ordinance relating to annual salaries were not changed. The compensation to which the plaintiffs are entitled is limited to the amounts fixed in these provisions. *Brophy* v. *Marble*, 118 Mass. 548, 551. *Cook* v. *Springfield*, 184 Mass. 247. *Riopel* v. *Worcester*, 213 Mass. 15, 17.

We agree with the plaintiffs' contention that the provisions of § 58B were mandatory. Upon its acceptance the city was under a duty to put it into effect as soon as reasonably practicable. This the city endeavored to do. That it was not done sooner was due to no fault or neglect on the part of the city but rather to a shortage of men eligible to appointment in the department.

*Decree affirmed.*