HERMAN N. AMELOTTE *vs.* CITY OF WORCESTER.

Worcester.   September 25, 1961. — November 10, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE,
& KIRK, JJ.

*Municipal Corporations,* Employees.

Under a municipal classification and compensation plan for employees
established under G. L. c. 41, § 108A, as amended, providing "Upon
original appointment an employee shall receive the minimum compen-
sation for classification to which appointment has been made" and
thereafter four annual step rate increases, and including separate classi-
fications of the same salary grade bearing the titles nurse anesthetist
and nurse supervisor, the appointment of a nurse anesthetist who had
held that position for three years to the additional position of nurse
supervisor was an "original appointment" whereby he was not entitled
to credit for his prior service as nurse anesthetist, and upon that ap-
pointment he was entitled to receive as nurse supervisor only the mini-
mum compensation of one so classified, not the minimum plus three step
rate increases.   [157–158]
A nurse anesthetist of a city subject to G. L. c. 149, § 33B, who was
appointed to the additional job of nurse supervisor, a job of the same
salary grade but of a separate classification under the municipal classi-
fication and compensation plan for employees, and who daily worked
eight hours first as a nurse anesthetist and then eight hours as a nurse
supervisor, but who in neither job worked in excess of eight hours per
day or was authorized to do so by a "person whose duty it . . . [was]
to employ, direct or control" him, performed no "additional" service
within § 33B and was not entitled to have his service as nurse supervisor
"compensated for as overtime" thereunder.   [158–159]

CONTRACT.   Writ in the Superior Court dated March 19,
1958.

The action was heard without jury by *Meagher, J.*

*Harry J. Meleski,* City Solicitor, for the defendant.

*John F. Killeen,* for the plaintiff.

KIRK, J.   In this action of contract, in two counts, the
plaintiff, an employee of the city of Worcester, seeks to re-
cover compensation allegedly due him in addition to com-
pensation already received, for services rendered to the

city as a nurse supervisor between December 18, 1956, and May 17, 1958. The case was referred to an auditor, findings not to be final, and was later tried before a judge without jury. At the close of the evidence the defendant made a request for a ruling that the plaintiff was not entitled to recover as a matter of law. The judge denied this request, subject to the defendant's exception, and ordered judgment for the plaintiff on both counts in the amounts found by the auditor.

The bill of exceptions tends to show the following facts. On February 16, 1953, the plaintiff was appointed a nurse anesthetist at the Worcester City Hospital. This was his sole employment until July 1, 1956, when at his request he was appointed and commenced work as a nurse supervisor in the Worcester police department, where his duty was to attend the police ambulance. Thereafter, his usual hours of employment at the hospital as nurse anesthetist were from 7 A.M. to 3 P.M. and as nurse supervisor in the police department from 4 P.M. to midnight. Sleeping facilities were available to him at each place of employment for his convenience when he was not actually working. The schedule of hours for riding the ambulance as nurse supervisor was set up a month in advance so that the five men on the detail could "cover for one another" and insure that the ambulance would be manned twenty-four hours a day. From July 1, 1956, to February 3, 1957, the plaintiff received his pay as a nurse anesthetist in an envelope at the city hospital, and his pay as a nurse supervisor in an envelope at police headquarters. Thereafter, as a nurse supervisor, he was transferred to the city hospital payroll but continued to receive his pay in two envelopes. Two deductions, one from each payroll, were made for retirement purposes. During the summer vacation period of 1958, for two weeks the plaintiff did not report for work either at the hospital or at the police department. He received his regular wages, however, for both positions for the two weeks he was absent on vacation.

It is undisputed that the compensation received by the plaintiff for his work as a nurse anesthetist was at the rate

prescribed by law. The present dispute centers on the wages he received as a nurse supervisor, the plaintiff contending in count one that as a nurse supervisor he should have been credited with step rate increases already earned as a nurse anesthetist, and in count two that the hours worked as nurse supervisor should have been compensated for at the overtime rate of pay.

An action of contract is a correct method to test the validity of a claim for compensation by an officer or employee of a municipal corporation. *Driscoll* v. *Medford,* 328 Mass. 360, 363. See *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 487, and cases cited. When the compensation is provided by law, however, the right to recover it in such action rests upon the statute or ordinance fixing the compensation, *McHenry* v. *Lawrence,* 295 Mass. 119, 120, *Driscoll* v. *Medford,* 328 Mass. 360, 362; and the amount which may be recovered is determined and regulated by the terms of such statute or ordinance. *Riopel* v. *Worcester,* 213 Mass. 15, 17.

Under the authority of G. L. c. 41, § 108A, as amended, the city established a classification and compensation plan for its officers and employees. Worcester Rev. Ord. (1951) c. 2, Art. II, §§ 12–24, as amended September 23, 1952, and as further amended June 26, 1956. More than 400 positions were classified and twenty-eight of these, including the classifications bearing the titles nurse anesthetist and nurse supervisor, were allocated to the same salary grade. Section 14 of the ordinance provides: "Upon original appointment an employee shall receive the minimum compensation for classification to which appointment has been made." The ordinance also established a schedule providing for annual step rate increases until a maximum was reached at the beginning of the fifth year of service. The plaintiff having been appointed a nurse anesthetist on February 16, 1953, was on July 1, 1956, being compensated as such at the minimum rate plus three annual step rate increases, as the law prescribed. He argues, however, that his compensation as a nurse supervisor was not at the rate

prescribed by law in that upon his appointment he was paid at the minimum rate established for that classification whereas, he contends, he should have been credited with his prior service as a nurse anesthetist, which would have entitled him, as nurse supervisor, to the minimum plus three step rate increases. This contention is unacceptable. It is clear from a reading of the ordinance that the title given to a position by the director of personnel classifies that position. The title defines the classification. The appointment to a position bearing the title of nurse supervisor was therefore an "original appointment" to a separate classification, and the plaintiff was entitled to receive only "the minimum compensation for [the] classification to which appointment has been made." Support for this construction is found in two other sections of the ordinance. Section 17 provides, in effect, that an employee who changes job classifications is to be credited with prior service in his former classification in computing his new rate of compensation. Section 18 provides for similar prior service credit for provisional employees who attain permanent appointment in the same classification as their provisional employment. Such specific provisions for prior service credit in these instances implicitly preclude a construction of the ordinance to the effect that the plaintiff should be credited with prior service in one job classification which he retained, merely because he attained appointment to an additional classification. The plaintiff is not entitled to recover on count one.

The right of the plaintiff to recover overtime pay for his services as a nurse supervisor derives, if at all, from G. L. c. 149, § 33B, which was accepted by the city December 18, 1956, thereby superseding G. L. c. 149, § 33A, which had theretofore been operative. The meaning of the language of § 33A was discussed and applied in *Doten* v. *Brockton,* 328 Mass. 563, 564–566. Section 33B, similar to § 33A in so far as the limitation of hours is concerned, provides that "the service of all persons employed by every city in which this section shall be accepted . . . shall be restricted to five days and forty hours in any one week . . . [and said eight hours shall be arranged to fall within a period of nine con-

secutive hours]; provided, that *service in excess of the days and hours aforesaid may be authorized by an officer of such city . . . or by any other person whose duty it is to employ, direct or control such employees, and such additional service shall be compensated for as overtime*" (emphasis supplied). It is true that the language of the proviso in § 33B is less stringent than that in § 33A in that § 33B does not require an "emergency" nor a determination "that public necessity so requires." We are of the opinion, nevertheless, that the plaintiff has failed to meet the requirements of § 33B. The "service in excess of the days and hours" does not constitute "additional service" unless it is authorized by a "person whose duty it is to employ, direct or control" the employee. We do not think that it was the intent of the Legislature by such language to provide overtime compensation where, as here, an employee has performed services for a city in two distinct job classifications, in neither of which he performed or was authorized to perform services for more than eight hours per day. The plaintiff simply succeeded in getting two jobs from the city. The conclusion of the auditor that the city was a "common employer" adds nothing. The city must act through human beings, and the statute defines the class of persons who must act on its behalf to authorize additional service before the city is to be held liable to pay overtime.

The plaintiff's appointment to the classification of nurse supervisor was a hiring of the plaintiff for an extra job but it was not ipso facto an authorization of *"additional service"* (emphasis supplied) by a "person whose duty it is to employ, direct or control such employees" within the meaning of § 33B. (Compare G. L. c. 149, § 33C, added by St. 1961, c. 510, whereby an employee who is *required* to work in excess of the hours prescribed therein is to be paid overtime.) The plaintiff is not entitled to recover on count two. It follows from what we have said that the ruling requested by the defendant should have been granted. It is unnecessary to consider other exceptions of the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*