## DONOHUE *v.* POLICE COMMISSIONER OF BALTIMORE CITY ET AL.

[No. 107, September Term, 1972.]

*Decided January 10, 1973.*

614

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

The cause was argued before MURPHY, C. J., and McWILLIAMS, SINGLEY, SMITH and LEVINE, JJ.

*William H. Engelman* and *Paul D. Bekman,* with whom were *Berenholtz, Kaplan, Heyman, Engelman & Resnick* on the brief, for appellant.

*Millard S. Rubenstein, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellees.

SMITH, J., delivered the opinion of the Court.

A Baltimore City police officer, George Donohue (Donohue), appellant here, sued to recover overtime pay he claimed was due him. We shall here affirm an order sustaining a demurrer to his amended declaration without leave to amend. His original suit included the Mayor and City Council of Baltimore. The City of Baltimore's demurrer was sustained without leave to amend and the demurrer of the remaining defendants was sustained with leave to amend. An amended declaration was then filed against the Police Commissioner of Baltimore City "and the Police Department of Baltimore City, an agency and instrumentality of the State of Maryland." [1] Donohue claimed in the declaration "that . . . the Police Commissioner of Baltimore City, was . . . the director and supervisor of the affairs of the . . . Department and obligated by law to promulgate rules and procedures for the regulation of the performance of overtime work in the . . . Department; that [Donohue], as a detective [was] compensated by a scheduled salary in accordance

---

1. *See* Chapter 203 of the Acts of 1966 and City of Baltimore v. Silver, 263 Md. 439, 283 A. 2d 788 (1971), relative to the status of the Baltimore City Police Department.

with the pay provisions established for employees of the Baltimore City Police Department; that [Donohue] during the period of time from December 1969 until June 1970 was working as an undercover agent for the Criminal Investigation Division of the . . . Police Department of Baltimore City; that during the course of the aforesaid period of time [Donohue], upon orders of his superiors, was required to perform overtime work that was necessary to complete an investigation; that [Donohue], in fact, worked overtime during this period of time based upon an implied understanding existing between [Donohue] and the . . . Police Department of Baltimore City, its agents, servants, and employees, that he would be paid for said overtime work; that in reliance of the aforegoing understanding, the Plaintiff worked a total of approximately 350.55 hours of overtime; that after . . . Donohue performed the aforesaid overtime work, which overtime was performed pursuant to the aforegoing understanding which existed between the parties herein, [he] requested that he be paid overtime pay for the same, but the Defendants have wrongfully, arbitrarily and capriciously failed and refused to pay [him] the compensation which is rightfully due him, although the Defendants have accepted the benefits of [Donohue's] overtime work; that prior to the institution of this cause of action [Donohue] exhausted the administrative remedies within the Department designed to provide him with a means by which to secure the compensation which is rightfully due him."

Baltimore City Code (1969) § 16-8 (c) provides that "[m]embers of the Department required to work overtime . . . may be compensated therefor in accordance with such rules and procedures as may be promulgated by the Commissioner and approved by said Board of Estimates." It will be noted that in his amended declaration Donohue has not alleged a failure to pay him "in accordance with such rules and procedures." It is conceded that Donohue has been paid such salary as the regularly

established salary schedules would call for him to be paid.

Donohue proceeds upon the theory that his amended declaration "[i]n essence . . . has clearly stated a cause of action in *quantum meruit* or *implied assumpsit*" (Emphasis his.) ; that he is an employee and not an officer or official for purposes of this litigation and as such may properly maintain an action against his employer in the absence of a contract or applicable statute; and that even if he is an officer and not an employee, for purposes of this litigation he may maintain an action against his employer in the absence of a contract or applicable statute.

For the purpose of our consideration of the case, we assume proof of all material and relevant facts that are well pleaded in the declaration. *Thomas v. Howard County*, 261 Md. 422, 430, 276 A. 2d 49 (1971), and cases there cited.

Both parties rely upon *Gaver v. Frederick County*, 175 Md. 639, 3 A. 2d 463 (1939). We regard it as controlling if Donohue is a public officer and if the services rendered were within the scope of his duties as a public officer. In *Gaver* Frederick County brought an action against the supervisor of assessments to recover the difference between the amount actually paid to him by the county treasurer and the amount payable to him under the statute. He had claimed and been paid compensation in excess of his salary for his services incident to the issuance of building permits, for services rendered in notifying the owners of new buildings to appear before the county commissioners to be heard in reference to the assessment of such buildings for taxation, and for expenses incurred as the result of his official visits to the office of the State Tax Commission in Baltimore. The suit reached this Court in much the same posture as this case since Gaver filed a plea of set-off in addition to the usual general issue plea. The county demurred to the set-off plea as particularized, which demurrer was sustained. Gaver did not claim upon an express contract,

but upon the basis of what he conceived to be "a fair and reasonable compensation" for the services rendered —or *quantum meruit*. The claims for compensation for the services rendered in notifying owners of new buildings to appear before the county commissioners relative to their assessments and for compensation for trips to the State Tax Commission were said by the Court to be "pertinent to and within the scope of the duties imposed by the statute upon a supervisor of assessments for a county." Judge Offutt in holding for the Court that Gaver was not entitled to recover extra compensation for these duties referred to McQuillin, *Municipal Corporations* § 544, a section almost identical with what is now 4 McQuillin, *Municipal Corporations* § 12.193 (rev. ed. 1968). The Court said:

> "The basic test implicit in that rule is whether the services on which the claim rests were within the scope of duties imposed by the statute which fixed the compensation payable for the performance thereof. Since the statute in this case required appellant to discover and list new property, and since the notice required the owners of new buildings to appear before the Commissioners that proper inquiry might be made as to the equitable assessment of such property, and since any such inquiry would help appellant to decide what would be an equitable and fair assessment, the services rendered in mailing the notices were within the scope of the duties of the office, for which the statutory salary must be regarded as complete compensation. 46 *C. J.* 1017, note 61." *Id.* at 647.

The matter of issuing building permits was placed in a different category, with the comment being made that if the county commissioners "employed a laborer to clean a ditch, or a carpenter to repair a roof on a county building, or a mechanic to repair a county automobile, it could hardly be contended that it was under no obligation

to pay for the service, or that the law presumed that it was gratuitous." It is this language which Donohue regards as helpful to his cause. The Court said that Gaver's compensation was not "affected by the fact that he was in another relation an officer, since the work referred to . . . had no relation to the duties of his office."

Although Donohue disputes it, there can be little question but what he as a police officer is a public officer. *Harris v. Baltimore,* 151 Md. 11, 133 A. 888 (1926), concerned whether a park policeman was a workman employed for wages. Judge Offutt there said for our predecessors:

> "[I]t would seem like juggling with terms to hold that a police officer of Baltimore City is an official (and that conclusion hardly seems open to question), but that a park policeman, exercising within the confines of the public parks precisely the same powers, and charged with similar duties, is not an official." *Id.* at 23.

More recently, in *Robinson v. Bd. of County Comm'rs,* 262 Md. 342, 347, 278 A. 2d 71 (1971), citing *Harris* and *Wilkerson v. Baltimore County,* 218 Md. 271, 146 A. 2d 28 (1958), we said, "It is clear that policemen are 'public officials' . . . ." In *Gary v. Board of Trustees,* 223 Md. 446, 449, 165 A. 2d 475 (1960), Judge Hammond for the Court reviewed the tests laid down by this Court to aid in drawing the line between an employee and an officer. He then went on to say, "The two tests which would seem to have been deemed most significant are the requirement of the oath and the delegation of sovereignty." It is obvious that a police officer meets those tests.

Donohue is correct in believing that *Gaver* is authority for the proposition that an individual may be both a public official and an employee. The extra duties performed there in the guise or role of an employee for which the Court said he was entitled to compensation were in no wise a part of his official duties. That was

the very basis of the determination that he was entitled to additional compensation. Apparently, his claim was for services rendered during normal business hours. Here Donohue admittedly is a detective. It is the function of any police officer to enforce the law, including, when appropriate, conducting investigations relative to violations of the law. A detective is specifically assigned the duty of investigations. Infiltration in an undercover capacity of the operations of suspected violators has long been an investigative tool. Accordingly, an undercover assignment would be within the realm of the official duties of Donohue as a detective of the Baltimore City Police Department. As a matter of fact, if he were found to be an employee it might avail him little since 4 McQuillin, *op. cit.*, § 12.194a states on the subject of overtime:

> "Municipal employees are not entitled to compensation for overtime work in the absence of a valid contract or law authorizing it." *Id.* at 84.

We find apposite *Driscoll v. City of Medford,* 328 Mass. 360, 103 N.E.2d 712 (1952), and *Crane v. City of New York,* 185 Misc. 456, 57 N.Y.S.2d 251 (Sup. Ct. Spec. T. 1945), *aff'd* 270 App. Div. 930, 62 N.Y.S.2d 617, 296 N. Y. 717, 70 N.E.2d 538 (1946). *Driscoll* involved a bill for declaratory relief to determine whether firemen were entitled to compensation for services rendered by them in excess of 48 hours a week notwithstanding the fact that the city had adopted a statute requiring that firemen should not be on duty in excess of 48 hours per week. The court there said:

> "The plaintiffs, as members of the city's fire department, are public officers. *Gregoire v. Lowell,* 253 Mass. 119, 121. A public officer has no implied right to compensation. *Riopel v. Worcester,* 213 Mass. 15, 17. *McHenry v. Lawrence,* 295 Mass. 119, 120. When compensation is pro-

vided by law the right to recover it rests upon the statute or ordinance fixing the compensation rather than upon any contract express or implied. *Walker v. Cook,* 129 Mass. 577, 579. *Cook v. Springfield,* 184 Mass. 247, 249. *Campbell v. Boston,* 290 Mass. 427, 429. *McHenry v. Lawrence,* 295 Mass. 119, 120. *Bell v. Treasurer of Cambridge,* 310 Mass. 484, 487. It is true that the appointment by a municipality of officers whose salaries have been fixed by municipal action has been said to create 'a contract of a sort' (*McHenry v. Lawrence,* 295 Mass. 119, 121), and that the obligation to pay such salaries may be enforced by an action of contract. *Bell v. Treasurer of Cambridge,* 310 Mass. 484, 487. But the statute or ordinance fixing the compensation is the foundation of the right. That is especially true here where the ordinance provided that the compensation provided for members of the department 'shall be the exclusive and entire remuneration' for their services. While § 58B established shorter working hours for the department, the provisions of the ordinance relating to annual salaries were not changed. The compensation to which the plaintiffs are entitled is limited to the amounts fixed in these provisions. *Brophy v. Marble,* 118 Mass. 548, 551. *Cook v. Springfield,* 184 Mass. 247. *Riopel v. Worcester,* 213 Mass. 15, 17." *Id.* at 362-63.

There is no provision in that portion of the Baltimore City Code pertaining to the police department saying that the compensation provided for members of the department "shall be the exclusive and entire remuneration" for their services, but § 16-8 (a) which mandates creation of a contingency fund provides "that no part of said contingent fund shall be used as compensation for overtime." As we earlier observed, § 16-8 (c) provides

for overtime compensation "in accordance with such rules and procedures as may be promulgated by the Commissioner and approved by said Board of Estimates," but Donohue has declined to base his claim upon any such "rules and procedures."

In *Crane* firemen were seeking overtime pay. The claim was based in part on a contention that they were entitled to recover on an implied contract or on the theory of unjust enrichment. In rejecting this claim the court said:

> "Plaintiffs, in the absence of an express statutory provision requiring defendant to pay them for overtime, are restricted to the compensation fixed for them in the budget.
>
> " 'The public officer seeking payment from the public treasury must put his finger on some statute whereby payment is permitted'. Stetler v. McFarlane, 230 N. Y. 400, 408, 130 N. E. 591, 594.
>
> "To hold otherwise would be violative and disruptive of the budgetary scheme on which the City operates." *Id.* at 253.

A somewhat similar statement is found in *Town of Bluefield v. Dunn*, 148 Va. 675, 139 S. E. 270 (1927), where the court said:

> "That a public official must rely for his compensation upon the statutes and ordinances, duly enacted, which specify such compensation, and that he cannot recover on a *quantum meruit* for official duties performed is too well settled to require discussion. *Delaplane v. Crenshaw*, 15 Gratt. (56 Va.) 468; *Norfolk v. Pollard*, 94 Va. 279, 26 S. E. 832; *Johnson v. Black*, 103 Va. 477, 49 S. E. 633, 68 L.R.A. 264, 106 Am. St. Rep. 890; 1 Dillon Mun. Corp., section 233; 19 R.C.L. sections 219, 220, page 920." *Id.* at 682.

Donohue is a public officer. He is not entitled to compensation for work within the scope of his duties as such public officer in addition to his regular pay in the absence of a statute or other authorization for such extra compensation. The services here performed were within the scope of his duties. He has alleged no statute or other authorization for such extra compensation. Accordingly, we find no error.

*Order affirmed; appellant to pay the costs.*