WILLIAM I. KEARNEY ET AL. *v.* MAYOR AND CITY
COUNCIL OF BALTIMORE ET AL.

[No. 1277, September Term, 1975.]

*Decided September 17, 1976.*

The cause was argued before ORTH, C. J., and POWERS,
DAVIDSON and MELVIN, JJ.

*Sidney Schlachman,* with whom were *Gomborov, Steinberg, Schlachman & Diener* on the brief, for appellants.

*Neil L. Lewis, Assistant City Solicitor,* with whom was *Benjamin L. Brown, City Solicitor,* on the brief, for appellees.

POWERS, J., delivered the opinion of the Court.

Appellants were the three plaintiffs in a suit filed on 23 September 1971 in the Circuit Court of Baltimore City against the Mayor and City Council of Baltimore City, the individual members of the Board of Estimates of Baltimore City, and other officials of the City government. The plaintiffs alleged that they were full time employees of the Baltimore City Police Department, each holding the rank of Sergeant.

The bill of complaint set out certain policies stated in the City's Administrative Manual with respect to payment for overtime work, described how those policies were implemented in the City's budget, and alleged that as applied to the plaintiffs and other Sergeants of the Baltimore City Police Department, such policies and actions were unconstitutional, as being unreasonably discriminatory, and as being without any reasonable standard or justification.

Prayers of the complaint asked the court to declare the policies and actions of the City and its officials unconstitutional and illegally discriminatory; to declare the City's failure to make provision for overtime pay to Police Sergeants to be in contravention of the City Charter; and to declare that the rights of Sergeants in the Baltimore City Police Department are to receive overtime pay under the same conditions as any other full time employee of the City of Baltimore.

After a demurrer filed by all defendants was overruled,[1]

---

1. Among the grounds stated in the demurrer were:

"4. That the Complainants are requesting the court to declare certain policies of the Respondents invalid and unconstitutional when, in fact, the policies complained of are not the policies of the Respondents.

"5. That the Complainants are employees of the State of

they answered, denying any discriminatory or unconstitutional act or policy, and specifically asserting that they were not proper parties to the action.

Appellants followed in February 1973 with a motion for summary judgment, along with an extensive memorandum of law and points and authorities. The City and its officials responded with an answer to the motion, and an affidavit in opposition to the motion. They asserted that the Police Department is a State agency, over which the City of Baltimore had no control, with the exception of working with the Police Commissioner in the preparation of a police budget. They cited the Code of Public Local Laws, Section IV, which created the position of Police Commissioner, who is appointed by the Governor,[2] and which sets forth the respective duties and method of setting the compensation of the members and employees of the Police Department.

The motion for summary judgment was denied[3] on 26 July 1973, apparently without argument. Trial was set for 29 April 1975, but at that time the parties agreed to submit the case to the court, Judge Joseph C. Howard, by filing memoranda on the facts and the law. Thereafter, on 12 November 1975, Judge Howard filed a Memorandum Opinion. He ruled that the language of the Administrative Manual clearly excluded policemen above the rank of patrolman from overtime pay. He discussed the facts, found

---

Maryland and not of the City of Baltimore and as such their working conditions are set by a State employee, the Police Commissioner of Baltimore."

These grounds were rejected, upon the recommendation of a Master, apparently on the theory that the demurrer admitted the truth of the allegations. That rule applies, of course, only to facts well pleaded. The legal status of the Baltimore City Police Department and of the Police Commissioner were questions of law.

2. See Laws of Maryland, 1976, ch. 920, effective 1 July 1976, which provides, among other things, that the Police Commissioner be appointed by the Mayor of Baltimore City.

3. Judgment might well have been rendered for the City and its officials, had the court's attention been called to that part of Maryland Rule 610 d. 1. which says:

"Where appropriate, the court on the hearing may render judgment for the opposing party even though he has not filed a cross-motion for summary judgment."

a rational basis for the policy and the classification, and concluded:

> "For the above reasons, it is the decision of this Court that the policy of the Mayor and City Council of Baltimore and its collateral agencies regarding overtime pay to Police Sergeants is not unconstitutional and illegally discriminatory."

It does not appear in the record that anything more in the nature of an order or a decree was submitted to Judge Howard after he filed his Memorandum Opinion. The docket refers to the opinion as an opinion and order, and we shall construe it as constituting a final decree declaring the rights of the parties.[4] Appellants timely filed an order to the clerk to enter an appeal "from the decision of the Honorable Joseph C. Howard dated November 12, 1975."

The decision of Judge Howard did not reach or decide the issue raised by the City in its demurrer, its answer, its opposition to the motion for summary judgment, and in its memorandum upon which the case was submitted for decision. In that memorandum counsel for the City and its officials said:

> "The Respondents have consistently maintained that they are not the proper parties to this action. The method of setting salaries and determining other monetary needs of the Police Department is set forth in the Code of Public Local Laws of Baltimore City, 1969 Edition, Section IV, Article 16-8 and particularly as to overtime in item (c)."

The Code section referred to provides, in part:

> "Members of the Department required to work overtime, or whose optional leave time is of

---

4. Code, Courts Art., § 3-406 says in substance that any person whose rights, status, or other legal relations are affected by a statute, municipal ordinance, administrative rule or regulation may have determined any question of construction or validity, and obtain a declaration of rights, status, or other legal relations under it. Section 3-411 says:

"The declaration may be affirmative or negative in form and effect and has the force and effect of a final judgment or decree."

> necessity cancelled, may be compensated therefor in accordance with such rules and procedures as may be promulgated by the Commissioner and approved by said Board of Estimates."

Completely absent from the record is any showing that the Police Commissioner ever included in his budget request a provision for payment to Police Sergeants for overtime work, or that he ever promulgated a rule of procedure to authorize such payment.

Counsel for the City and its officials explained further in the memorandum filed below:

> "It has apparently been the Commissioner's position that he does not deem overtime desirable or necessary for police sergeants, as they are supervisory personnel and as such should maintain a level of work performance, including overtime, which distinguishes them from the 'rank and file' patrolman."

Exhibiting the virtues of consistency and tenacity, appellees again argued in this Court, both in their brief and in oral argument, that they are not proper parties in this action — that it is not the City, but the Police Commissioner, who has the sole authority under the law to initiate the action which the appellants seek to compel the City to take.

While we do not disagree with the rulings of the trial judge on the issues he ruled upon, we think that to embrace those issues is to put the cart before the horse. To decide an issue when the party to be bound by the decision is not before the court is a futile judicial effort. The issue — that the defendants before the court had no legal power to do what the Police Sergeants asked — was raised and argued below, and even though it was not decided there, it is proper for us to decide it here.

Maryland Rule 1085 (counterpart of Rule 885) says, in part:

> "This Court will not ordinarily decide any point

or question which does not plainly appear by the record to have been tried and decided by the lower court; but where a point or question of law was presented to the lower court and a decision of such point or question of law by this Court is necessary or desirable for the guidance of the lower court or to avoid the expense and delay of another appeal to this Court, such point or question of law may be decided by this Court even though not decided by the lower court."

The Court of Appeals applied Rule 885 in *Kent v. Mer.-Safe Dep. & Tr. Co.*, 225 Md. 590, 171 A. 2d 723 (1961). That appeal was from an Orphans' Court order denying on the merits a petition to revoke letters testamentary previously granted to the Trust Company. The Court said, at 593:

"While supporting that holding, the appellee contends that the petition for revocation was filed too late and that the action of the Orphans' Court should be sustained on that ground. The record shows that the point was raised and argued below, and our authority to consider it is clear under Maryland Rule 885. In the committee note to this rule (Code (1957), Vol. 9, p. 476) it is stated: 'For instance, a case may present two separate legal questions both of which might be argued fully in the lower court. It might be that the lower court would decide one of the questions and then deem it unnecessary to decide the other. Under this Rule the Court of Appeals could decide both questions.' "

We have quoted the applicable section of the Baltimore City Code. That section was cited by the Court of Appeals in *Donohue v. Police Commissioner*, 267 Md. 612, 298 A. 2d 437 (1973). The Court recognized that the power to authorize compensation for overtime work rested in the Police Commissioner, and even though that suit was directly against the Commissioner, the Court held that he could not be required to authorize compensation for overtime work, except "in accordance with such rules and procedures as may

be promulgated", or in accordance with an applicable statute or other authorization for such extra compensation. Donohue declined to base his claim upon any such rules and procedures, and he alleged no statute or other authorization.

If the pattern of rules and procedures promulgated by the Police Commissioner regarding compensation of members of the Police Department for overtime work resulted in unconstitutional discrimination against any member or group of members of the Police Department, then the complaint should have been brought against the Police Commissioner, who had the legal power to remedy the wrong, and not against the Mayor and City Council of Baltimore City or its officials.

Our mandate will, in accordance with Maryland Rule 1076 a., modify the decree below so as to declare that the plaintiffs-appellants are entitled to no relief against the defendants-appellees, and to dismiss the bill of complaint.

> *Declaratory decree entered on 12 November 1975 modified so as to declare that the plaintiffs are entitled to no relief against the defendants, and to dismiss the bill of complaint, and as modified, affirmed.*
> *Appellants to pay costs.*